## Harman *v.* The State.

APPEAL from the *Noble* Circuit Court.

*Friday,
December* 10.

Perkins, J.—Indictment for passing counterfeit money. Conviction and sentence to the penitentiary.

All the questions arising in the case, except two, are settled by that of *Wilkinson* v. *The State*, 10 Ind. R. 372.

The two unsettled questions are these:

1. The counterfeit bill charged in the indictment was passed on *Sunday*, and hence, it is insisted, that the defendant should have been prosecuted for a violation of the *Sabbath*, and not for passing counterfeit money. But we think it was proper to indict the defendant for the commission of the higher crime, and should he subsequently be prose-

Nov. Term, 1858.

COLLINS
v.
THE STATE.

cuted for violating the *Sabbath*, the question of a second punishment for that offense could be raised. It is not clear but that he might be separately prosecuted for each of the offenses. See 1 Wat. Archb., p. 114, and notes. At all events, he could, for either, in the first instance.

2. The record does not show a formal arraignment, nor that the indictment was read to the defendant. See *Mc-Junkins* v. *The State*, 10 Ind. R. 140. But it does show that the defendant appeared and applied for a change of venue, upon affidavit that he could not have a fair trial of the charge against him in the indictment, in the county where it was pending. And, his application being overruled, the record states that the issue was joined, and a jury sworn to try it.

The affidavit for a change of venue shows that the party was informed of the contents of the indictment; and, in a criminal case, the defendant may plead the general issue orally, though he cannot in a civil, except where it originated before a justice of the peace. In this case, therefore, it was not necessary that the record should contain a formal plea of the general issue; and, as the defendant did not refuse to plead, it was not necessary that the Court should enter the general denial for him.

It would seem, therefore, that the party had the benefit, substantially, of all the statutory requirements. He took no exception below, upon this point, and though he moved for a new trial, he did not specify this objection among the causes for it.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Ellison*, for the appellant.