*B. F. Gregory* and *J. Harper*, for appellants.

*J. H. Brown*, for appellee.

———————•———————

## HAMILTON v. THE STATE.

CRIMINAL LAW.—*Assault and Battery with Intent to Rob.*—*Declarations of Defendant.*—*Evidence of Intent.*—Where evidence of an act done by a party is admissible, his declarations made at the same time, having a tendency to elucidate, explain, or give character to the act, are also admissible; accordingly, in a trial for assault and battery with intent to commit a robbery, witnesses for the State, in answer to questions put by the State having testified that while the assault and battery was being committed, the prisoner told the said witnesses, that three years before, the person upon whom he was then perpetrating the offense had assaulted him and drawn a pistol on him, and he, the prisoner, was now having his revenge for it, it was error for the court to instruct the jury, that the declaration of the defendant was not to be considered by them as evidence of the intent with which the assault was committed.

SAME.—*Merger.*—*Trial for One Offense a Bar.*—The offense of assault and battery with intent to rob is not merged in the crime of robbery. Both offenses are of the same grade, and if the doctrine of merger applies in this State, to criminal offenses, it certainly does not apply where both crimes are a felony. The State may elect which offense shall be prosecuted, where the evidence is sufficient to sustain a charge for either, and a trial for one will operate as a bar to a prosecution for the other.

SAME.—*Evidence.*—Evidence that the party assaulted had no money in his possession, where the charge is assault and battery with intent to rob of a five dollar bank note, is no defense.

APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—The accusation against the appellant, by

information in the Common Pleas, was that he did, on the 14th day of April, 1871, at the county of Montgomery, and State of Indiana, in a rude, insolent, and angry manner, unlawfully touch, strike, beat, and wound George H. Justice, with the intent, then and there, feloniously, forcibly, by violence, and putting him, the said George H. Justice, in fear, to take from the person of said George H. Justice a certain five dollar bill, current money of the United States, of the value of five dollars, the personal property of said George H. Justice, etc.

There was a plea of not guilty, trial by a jury, verdict of guilty, motion for a new trial overruled, and sentence.

As the only error assigned calls in question the ruling of the common pleas, in refusing to grant a new trial, and as that motion sets forth the points relied upon, we will recite it here. "Comes now the defendant, and moves the court for a new trial in the above entitled cause, for the causes following, to wit: Because of misdirection by the court to the jury, which misdirection consisted in the matters following: first, it having been testified by two witnesses for the State," naming them, "in answer to questions put by the attorney for the State, and during the examination-in-chief, that while the assault and battery alleged in the information to have been committed by the prisoner upon the person of Justice, the prosecuting witness, was yet going on, the prisoner told the said witnesses that Justice, some three years before, had assaulted him, and drawn a pistol on him, and that he was now having his revenge for it, the court, commenting on that point, instructed the jury, among other things, that the said declarations of the prisoner were not evidence, and could not be considered as evidence to show the intent of the assault and battery, or for any purpose, but must be disregarded; second, as a further misdirection, the court, in the charge, instructed the jury that counsel for the prisoner having argued that the prosecuting witness did not, at the time of the alleged assault and battery, have a five dollar bill in his possession, it was not a matter of any im-

Hamilton *v.* The State.

portance whether he did or did not have a dollar at the time, as the offense could have been committed, although the prosecuting witness had no money at all; third, as a further misdirection of the jury, the court in the charge instructed the jury, that the prisoner being on trial charged with an assault and battery, with intent to commit a robbery, could be found guilty of the charge, notwithstanding the proof showed to their satisfaction that there was no actual robbery committed, the intent being the gist of the offense; fourth, because of error of the court during the trial in this, to wit; that at the proper time the prisoner presented to the court, and asked it to give the jury the following instructions in writing:

" ' The information charges the defendant with the offense described in section nine of the statute of felonies; that is, with committing an assault and battery with intent to rob. Such is the offense laid. Now, if you believe, from the evidence, that the defendant is guilty, not as charged in the information, but of robbery, as distinct from the offense for which the defendant has been on trial, then you ought to return a verdict of not guilty of the offense charged, because there is a fatal variance between the offense charged in the information and the offense proved, and there being but one count in the information, charging a specified offense, the defendant cannot, under that information, be found guilty of another distinct offense, containing merely some of the elements of the offense charged; ' which instruction the court refused to give the jury, on which grounds the defendant asks a new trial."

The first question for our consideration and decision is as to the correctness of the instruction given by the court to the jury, to the effect that the declaration of the defendant, while the act was being committed, that Justice, some three years before that time, had assaulted him and drawn a pistol on him, and that he was then having his revenge for it, was not evidence, and could not be considered by the jury.

It is well established by the authorities, that in all cases,

Hamilton *v.* The State.

civil or criminal, where evidence of an act done by a party is admissible, his declarations, made at the time, having a tendency to elucidate, explain, or give character to the act, are also admissible. They are a part of the transaction, and for that reason are admissible; and it makes no difference, so far as the admissibility of the declaration is concerned, whether it be in favor of, or against the party making it. If the act is one of alleged criminality, and the accompanying declaration tends to show it to be innocent, it is equally admissible as where the tendency is to show the criminality of the act; and it may be given in evidence by the defendant as well as by the State. *Sessions* v. *Little,* 9 N. H. 271; *Russell* v. *Frisbie,* 19 Conn. 206; *Yarborough* v. *Moss,* 9 Ala. (N. S.) 382; *Elkins* v. *Hamilton,* 20 Vt. 627. Starkie on Ev., by Sharswood, p. 421; 1 Greenleaf Ev., sec. 108.

In the case under consideration, the testimony, so far as material to be noticed, was in substance as follows: Justice testified that he met, and repeatedly drank with the defendant, previously a stranger to him, in the town of Crawfordsville; afterward, at the request of the defendant, he went with him to a grove, a little way out of town, near to the railroad, where they sat down on a log together; that, while they sat there, the defendant pushed him off the log, struck him several times, put his hand in his pocket, in which he had previously had the five dollar bill, and struck him with a stone, rendering him insensible; that when he recovered his consciousness he was talking with some women, at the long house, the other side of the railroad cut; that he felt in his pocket for the money and it was gone.

The State then introduced Mrs. Middleton, who testified, in substance, that the first she knew of the affair she was at her house, the other side of the railroad cut, where she saw two men running toward her house; the one in front was all bloody, the defendant was running after him. He overtook and knocked him down, and commenced kicking him. She ran down and spoke to Hamilton; he kept on beating him; he said the man "about three years ago had assaulted him,

and drawn a pistol on him, and he was paying him up for it now—having his revenge," etc.    Mrs. Plush, another witness on behalf of the State, testified to the same, in substance.

This is the declaration of the defendant, which the court excluded from the consideration of the jury.

If the portion of the transaction testified to by the female witnesses had been offered in evidence by the defendant, it might have been a question whether it would have been admissible or not.    But it was introduced in evidence by the State; and we think the State was not entitled to prove the acts of the defendant, and rely upon them, and have his declarations, made at the same time, in explanation of the acts, excluded from the consideration of the jury.    We cannot tell to what extent the occurrence, spoken of by the female witnesses, contributed to satisfy the jury of the defendant's guilt.    His declaration, made while engaged in the acts proved, was proper evidence in his favor for what it was worth.

The next question is as to the correctness of the action of the court, in holding that it was immaterial whether the prosecuting witness had, or had not, any money at the time of the alleged attempt to rob him.    In *The State* v. *Swails*, 8 Ind. 524, it was held by this court that one who fired a gun at another, not charged with anything but powder and a light cotton wad, at a distance of forty feet, it appearing that the life of such person was not at all endangered or put in jeopardy by the act, in consequence of the manner in which the gun was loaded, could not be convicted, although he might have thought that the gun was properly loaded with powder and ball, and although he may have intended to murder.

The court, in that case, say: "It is true that the law aims to punish the intent.    That Swails, in this case, had a felonious intent, cannot be doubted.    But he lacked the ability and the means to carry the intent into execution.    To constitute an assault, the intent and the present ability to execute must be conjoined.    Thus, in this case, there was

Hamilton *v.* The State.

the intent, but not the power. Had the gun been loaded with ball, or any other destructive missile, the offense charged would have been complete. Such shooting, with a gun properly loaded, would be one or another grade of crime, according to the result. To shoot at and miss Lee would have been an assault with intent to murder. To shoot and wound, an assault and battery with like intent. To shoot and kill would have been murder. But to shoot at the distance of forty feet, with an ordinary charge of powder and wad, no matter under what supposition or with what intent, was not either of these grades of crime. The present ability to accomplish the felonious purpose was wanting."

This case has been criticised. 1 Bishop Crim. Law, sec. 677. With what degree of justice, we need not stop to inquire. It was also under consideration in this court, in the case of *Kunkle* v. *The State*, 32 Ind. 220, and, by a divided court, somewhat limited in its application. It was evidently put on the ground that the first step toward the commission of the crime was not shown; that is, the perpetration of the assault or assault and battery, and that, consequently, the next step—that is, the inquiry into the intention of the party—was inadmissible. The ordinary and received definition of an assault is that which is now incorporated in our statute, viz: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

In this view of this case, it has the support of those cases which hold that it is no assault to present at a person a gun or pistol which is empty, or to present or discharge one charged with harmless materials. See 1 Russell Crimes, 750, *et seq.*

The position contended for by counsel for the appellant in the case under consideration would lead to consequences which forbid our adoption of it. A robber supposes that an individual has a well filled pocket-book or a valuable watch on his person, and resolving to possess himself thereof, he meets the individual; with a slung-shot, or a

bludgeon, he knocks him down, searches his pockets, and fails to find that which he expected to find. Shall it be held that he is guilty of a misdemeanor only? He has taken the first step; has taken it with the intent to commit the crime of robbery, and is clearly, in our opinion, within the statute on which the information is founded.

We approve and adopt the language of GRAY, J.; in *Commonwealth* v. *Jacobs*, 9 Allen, 274: "Whenever the law makes one step toward the accomplishment of an unlawful object, with the intent or purpose of accomplishing it, criminal, a person taking that step, with that intent or purpose, and himself capable of doing every act on his part to accomplish that object, cannot protect himself from responsibility by showing that, by reason of some fact unknown to him at the time of his criminal attempt, it could not be fully carried into effect in the particular instance." See the authorities cited in the last named case. The common pleas committed no error on this point.

The remaining question is, did the court err in refusing to charge the jury that if the evidence showed that the defendant carried out his intention, by completing the crime of robbery, the jury ought to acquit him of the crime charged in the information? On this point, the position taken by counsel for the appellant is, that if the prisoner consummated the crime, then the assault and battery, with intent to rob, was merged in the crime of robbery, and the defendant could be prosecuted for robbery only. The cases to which counsel for the appellant have referred us are not in point. They are cases where the inferior offense was a misdemeanor and the higher crime a felony. It has never been held that offenses of equal grade can merge the one in the other. If both are misdemeanors, or both felonies, there can be no merger. 2 Bouvier's Law Dic. 175; 2 Russell Crimes, 433; 1 Whart. Amer. Cr. Law, sec. 564.

By statute, in this State robbery and an assault, or assault and battery, with intent to commit robbery, are both felonies, and the punishment therefor is the same. It is difficult,

therefore, to see any reason for saying that one is of a higher degree of criminality than the other, or how one could merge in or be absorbed by the other.

Without expressing any opinion on the question, whether the doctrine of merger, as it relates to criminal offenses, would be recognized in this State, we may say that the later determinations of the courts of England seem not to favor the doctrine, and in many of the states of the union it is held not to be the law. *Regina* v. *Neale*, 1 Den. C. C. 37; 1 Whart. Amer. Cr. Law, sec. 564.

It is sometimes the case that the same evidence would sustain a prosecution for the violation of any one of two or more statutes. In the "*Bank Prosecutions,*" as they are styled in the report—1 Russell & Ryan, 378—where the defendants were indicted for the crime of having in possession and putting away Bank of England notes, with intent, etc., knowing them to be forged, which was punished capitally, and also for having the same notes in their possession, knowing them to be forged, which was a transportable offense, it was held that the prosecution might abandon the capital cases and proceed on the indictments for the transportable offenses; and that, although facts sufficient to support the capital charge were made out in proof, an acquittal for the minor offense ought not to be directed, because the whole of the minor offense was proved, and it did not merge in the larger.

In such cases the State has the right to elect on which statute she will proceed, and it is not for the defendant to say that he shall not be punished under the statute on which the State has chosen to bring him to trial. In such cases the defendant cannot be twice punished for the same offense. Where the same facts will make out a case under either statute, and the State has elected under which she will proceed, and the defendant has been convicted or acquitted, this is a bar to a further prosecution. 1 Whart. Amer. Cr. Law, secs. 565, 566; 1 Russell Crimes, 829 to 832.

The court committed no error in giving the instruction

on the last point, and refusing that asked by the defendant. But, on account of the exclusion by the court of the declaration of the defendant, in connection with the acts proved by the State, the judgment must be reversed.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial, and the clerk *is directed to* certify to the warden of the prison as required by statute.

*L. Wallace* and *G. D. Hurley,* for appellant.

*B. W. Hanna,* Attorney General, and *W. T. Brush,* for the State.