Filed Oct. 16, 1886.

---

## No. 13,045.

## SKAGGS v. THE STATE.

| | |
|---|---|
| 108 | 53 |
| 141 | 124 |
| 141 | 151 |
| 108 | 53 |
| 145 | 566 |
| 108 | 53 |
| 148 | 187 |
| 149 | 702 |

CRIMINAL LAW.—*Indictment.*—*Language of Statute.*—*Motion to Quash.*—An indictment which, in the language of the statute, charges an assault and battery with intent to commit rape, is sufficient on a motion to quash.

SAME.— *Weight of Evidence.*—A judgment will not be reversed on the mere weight of conflicting evidence.

| | |
|---|---|
| 108 | 53 |
| 169 | 508 |
| 108 | 53 |
| f171 | 101 |

SAME.— *Witness.*—*Interpreter.*—*Sign Language.*—Although one may not be an adept in the sign language, he may nevertheless be a competent interpreter in the examination of a deaf and dumb witness, and the accuracy of the interpretation is a question of fact for the decision of the jury.

SAME.—*Court May Appoint More than One Interpreter.*—The trial court may appoint as many interpreters as it deems necessary to get the facts before the court and jury.

SAME.—*Manner of Examination Through Interpreter.*—*Discretion.* — The manner in which examinations through interpreters shall be conducted is a matter to be regulated by the trial court, in its discretion, and will not be reviewed on appeal in the absence of a showing of injury.

Skaggs v. The State.

SAME.—*Modest Deaf and Dumb Witness.*—*Obtaining Answer to Question in Private.*—Where a question is propounded to a deaf and dumb witness which so shocks her modesty that she flees from the court room to an adjoining room, whither she is followed by an interpreter, without direction from the court or objection by the defendant, who, in such seclusion, obtains her answer to the question, and both returning immediately to the court room, the answer is given to the jury, without a repetition of the question to the witness, the irregularity is not available, in the absence of a showing of injury.

SAME.—*New Trial.*—*Newly Discovered Evidence.*—*Diligence.*—Where a new trial is asked on the ground of newly discovered evidence, it must be shown that the moving party could not, by the exercise of reasonable diligence, have discovered and produced such evidence at the trial; and the facts which show such diligence must be stated.

SAME.—*Imposing Unauthorized Penalty.*—*Objection to Judgment.*—An error of the trial court in imposing a penalty not assessed by the jury, nor authorized by the statute defining the offence of which the defendant is found guilty, is not available on appeal unless the question was raised in the trial court by an objection, in some form, to the judgment.

From the Montgomery Circuit Court.

*J. R. Courtney*, for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

Howk, C. J.—In this case, the indictment against the appellant, Skaggs, contained two counts. The first count charged that the appellant, on the 27th day of August, 1885, at Montgomery county, Indiana, "did then and there, unlawfully and feloniously, in a rude, insolent and angry manner, touch, push, strike and choke one Flora May Ennis, a woman, with intent then and there and thereby, her, the said Flora May Ennis, feloniously, forcibly and against her will, to ravish and carnally know." The second count of the indictment differs from the first count only in this, that the words "forcibly and against her will," appear in such second count immediately preceding the words "in a rude, insolent and angry manner," and are repeated in the conclusion of such count, with the same context as they appear in the first count.

Upon appellant's arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding him guilty as charged in the indictment, and assessing his punishment at imprisonment in the State prison for the term of five years, and a fine in the sum of five dollars. Over his motion for a new trial, the court rendered judgment against him upon and in accordance with the verdict.

Appellant has here assigned, as error, the overruling of his motion to quash the indictment herein. Of this error, all that is said by his counsel is contained in the following sentence: "Our objections to the indictment are, that neither count thereof states a public offence in the language of the statute, or terms equivalent thereto." Each count of the indictment charged the appellant, in the language of our statute, with an assault and battery with the intent to commit the particular felony of rape, and that, certainly, is a public offence. Sections 1911, 1917 and 1909, R. S. 1881. The motion to quash the indictment was correctly overruled.

Under the alleged error of the court in overruling appellant's motion for a new trial, many causes were assigned therefor. Of these causes, we will consider and pass upon such only as his counsel have discussed in their elaborate brief of this case. It is insisted that a new trial ought to have been granted to appellant, because the verdict of the jury was contrary to law, and was not sustained by sufficient evidence. It is not claimed, however, that there is no evidence, appearing in the record, which, if believed, would fairly sustain the verdict of the jury. The evidence is too voluminous to be even summarized in this opinion. It was conflicting in many particulars, but it can not be questioned, as it seems to us, that there was evidence before the jury which fairly supports their verdict on every material point. The credibility of the different witnesses, and the weight to be given to the evidence of each witness, were proper matters for the consideration of the jury; and where, as here, their verdict has met the approval of the trial court, it will

not be disturbed by this court, even in a criminal cause, on what might appear to be the weight of the evidence. This is settled by our decisions. *Clayton* v. *State*, 100 Ind. 201; *Padgett* v. *State*, 103 Ind. 550; *Kleespies* v. *State*, 106 Ind. 383.

It was assigned as cause for a new trial, that the court erred in permitting the prosecuting witness, Flora May Ennis, who was deaf and dumb, to be examined as a witness on the trial, by and through one Charles W. Wright, as an interpreter, when it was developed by his examination that he did not understand the deaf and dumb or sign language, and was not a competent interpreter. It is enough, perhaps, to say that this cause for a new trial is not shown to be true by the bill of exceptions appearing in the record. Wright did not claim to be an adept in the deaf and dumb or sign language; but he claimed that he so far understood the language that he could well and truly interpret as well the questions that might be propounded to the deaf and dumb witness, as her answers thereunto. There is nothing in the record to show that Wright could not do all that he claimed he could do, and, certainly, nothing to show that appellant was in anywise injured by the action of the court in permitting Wright to act as an interpreter in the examination of the prosecuting witness. Our code provides (section 495, R. S. 1881), that "Interpreters may be sworn to interpret truly whenever necessary;" and, surely, we need not argue for the purpose of showing that it was necessary in this case. In Wharton's Criminal Evidence, section 449, it is said: "Sworn interpreters, in criminal as well as in civil cases, are to be appointed by the court where the witnesses do not understand the English language. It may be added that the accuracy of the interpretation of the sworn interpreter may be impeached, and is ultimately to be determined by the jury." *United States* v. *Gibert*, 2. Sumner, 19; *Schnier* v. *People*, 23 Ill. 11. So that the matter complained of, as an error of law, in this cause for a new trial, was a question of fact, and not of law, for the ultimate decision of the jury.

Skaggs *v.* The State.

Another alleged error of law, occurring at the trial, and assigned as cause for a new trial in appellant's motion therefor, was the action of the court in appointing a Miss Coons, a deaf and dumb person, as an additional interpreter, to assist Wright in the interpretation of the examination of the prosecuting witness, and in permitting the questions propounded by counsel to the prosecuting witness to be interpreted by Wright to Miss Coons, and by her to the witness, and in permitting her answers to be interpreted by Miss Coons to Wright, and by him to be given orally to the court and jury.    There, certainly, was no error in the appointment of Miss Coons as an additional interpreter.    The object of the examination of the prosecuting witness was to get the facts of this case, within her personal knowledge, before the court and jury; and the court had the power, undoubtedly, to appoint as many interpreters as to it seemed necessary to the accomplishment of that object.    The manner in which such examination should be conducted was a matter to be regulated and controlled by the trial court, in its discretion, and will not be reviewed by this court in the absence of a showing that appellant was in some way injured thereby.    But it appeared that a question, in relation to the offence charged, was propounded through the interpreters to the prosecuting witness, which shocked her innate modesty, and she fled precipitately from the presence of the court and jury into an adjoining room; that she was followed thither by Miss Coons, without any direction from the court and without any objection on the part of the appellant; that, in the seclusion of that room, Miss Coons speedily succeeded in pacifying her and in getting her answer to the shocking question, and, in about one minute, they returned together into the court room; and that there, in the presence of the court and jury, and of the witness and appellant, Miss Coons, without having repeated the question to the witness, communicated her answer thereto, obtained from her in such seclusion, to the interpreter Wright, who gave such answer orally to the court and jury.

It is vigorously insisted on behalf of appellant, that this proceeding was erroneous, intolerable in a court of justice, and a palpable violation of his constitutional right to be brought face to face with the witness testifying against him.

In our opinion, however, the proceeding in question was not fairly open to any of the criticisms or objurgations of appellant's counsel. In some particulars the case is an anomalous one, for, to the credit of human nature, it is not often that a man is charged with an attempt, even, to gratify his passions upon the person of an unfortunate woman, forcibly and against her will, who is deprived of the sense of hearing and the power of speech. When the case occurs, however, as it must be sustained in the nature of things by the woman's evidence in relation to the offence charged, the proceedings to obtain her evidence will also be anomalous, to some extent. If it be conceded that the proceedings, of which appellant complains, were irregular or even erroneous, there is nothing in the record to show that the appellant was in any manner injured thereby. The record fails to show what the question was which shocked the modesty of the prosecuting witness, or what was her answer thereto which she communicated to Miss Coons, out of the presence of the court and jury. In this state of the record we can not say that the error under consideration was material, or in anywise injurious to the appellant. Under our criminal code, we must disregard any error in the decision or action of the court below which does not, in our opinion, prejudice the substantial rights of the defendant. Section 1891, R. S. 1881; *Clayton* v. *State, supra.* In other words, the record must show that the error complained of was material and injurious to the defendant; otherwise the error must be disregarded here, and will not authorize the reversal of the judgment.

A number of the causes assigned by appellant for a new trial, in his motion therefor, are simply repeated in the brief of his counsel. The questions which, as we may suppose, it was intended to present for our decision by these causes for

a new trial, are not discussed by appellant's counsel. These questions, therefore, we regard as at least impliedly waived, and pass them by without consideration or decision.

The eleventh cause for a new trial was apparently verified by the oath of appellant, and was for alleged newly discovered evidence. It was stated, in substance, in this cause for a new trial, that appellant had discovered since the trial of this cause, that he could prove by four named witnesses, three of whom bore the same patronymic as himself, that this prosecution had its origin with Luella Skaggs, appellant's wife and the mother, by a former marriage, of the prosecuting witness herein; that Luella Skaggs procured the prosecuting witness "to make the false statements to which she testified on the examination as a witness and proceedings in this cause;" that Luella Skaggs procured and influenced the prosecuting witness, her daughter, to swear falsely against appellant, in order to procure his imprisonment and conviction; that her object therein was to rid herself of appellant, as a husband, so that she could take up another man, which she had done, in fact, since appellant's imprisonment, and had lived with such other man, as husband and wife, and that appellant's prosecution and conviction herein were simply and only the culmination of the schemes and machinations of Luella Skaggs; that all of the four witnesses, who would swear to the aforesaid facts, were residents of Montgomery county, Indiana, "and that defendant could not possibly have discovered and procured said testimony at the trial of this cause; * * * that he can not procure the affidavits of such witnesses to file in support of this ground for a new trial; * * * and that since his arrest, a long time prior to said trial, and since such trial, he had been confined in the county jail."

Considering this cause for a new trial, in its two-fold aspect of written cause and of appellant's affidavit in support of such cause, it was manifestly insufficient to entitle him to a new trial herein on the ground of newly discovered evidence. It had no support whatever, except such as was

afforded by appellant's verification of the written cause itself. The *eighth* statutory cause for a new trial, in a criminal case, is in these words: "Newly discovered evidence, material for the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial." Section 1842, R. S. 1881. This cause for a new trial is expressed in substantially the same language as the *seventh* statutory cause, in civil actions. Section 559, R. S. 1881. In the verified cause for a new trial in the case in hand, it was not shown by any positive statement, and, if shown at all, by inference merely, that appellant was not fully informed, before and at the time of the trial, of the alleged newly discovered evidence and of the names of the witnesses. It was not shown that appellant had used reasonable diligence, or, in fact, any diligence at all, to discover and produce such evidence at the trial. In the verified cause for a new trial, the only statement on the subject of diligence is, "that defendant could not possibly have discovered and procured said testimony at the trial of this cause." This statement is merely a conclusion from facts which were not stated, and are not apparent. Appellant has nowhere stated, in this cause for a new trial, that he had used any diligence whatever, reasonable or otherwise, or that he had made any effort, and what, when and how, to discover and produce such testimony at the trial of this action. Where a new trial is asked on the ground of newly discovered evidence, it must be shown that the moving party could not, by the exercise of reasonable diligence, have discovered and produced such evidence at the trial; and, in such case, it is settled by our decisions that the facts which show such reasonable diligence must be stated, and that the statement of mere conclusions will not be sufficient. *Toney* v. *Toney,* 73 Ind. 34; *Hamm* v. *Romine,* 98 Ind. 77; *Hines* v. *Driver,* 100 Ind. 315; *Test* v. *Larsh,* 100 Ind. 562.

It is assigned here, as error, that the trial court rendered a judgment imposing a penalty upon appellant which was not assessed by the jury in their verdict, nor authorized by the

statute defining the offence of which he was found guilty and prescribing its punishment, in that it was adjudged by the court that he "be disfranchised and rendered incapable of holding any office of trust or profit for five years." This error in the judgment, for it is an error, is shown by the record of this cause; but it is an error of which appellant can not complain in this court, and for which he can not obtain a reversal of the judgment below, in whole or in part. It is not shown by the record before us that appellant either objected or excepted to the judgment, in whole or in part, or that he moved the trial court to modify such judgment, or to reject or strike out the clause therein, of which he complains here, as error, for the first time. In this condition of the record, the error of which appellant complains is not so presented here as to require of us any consideration, or to enable us to relieve him from the erroneous part of such judgment. Section 1841, R. S. 1881.

We have found no error, in the record of this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 14, 1886.