## THE STATE v. REED.

[No. 20,976.   Filed June 5, 1907.]

1. CRIMINAL LAW.—*Former Jeopardy.*—*Elements.*—Where a defendant, in a criminal prosecution, is put upon his trial on a valid charge in a court having jurisdiction, and the cause is dismissed over his objection, he has been placed in jeopardy; and such action, under the Constitution (Art. 1, §14), operates as an acquittal.   p. 590.

2. SAME.—*Intoxicating Liquors.*—*Selling, Bartering and Giving.* —*Statutes.*—*Constitutional Law.*—Section 2219 Burns 1905, Acts 1905, pp. 584, 720, §573, making it a crime to sell, barter or give intoxicating liquor to any person known to be intoxicated, defines three separate crimes.   p. 590.

3. SAME.—*Former Jeopardy.*—*Crimes.*—*When Same.*—Where the facts necessary to a conviction on the second prosecution would not necessarily have convicted on the first, the plea of former jeopardy cannot prevail, since the crimes charged are not the same.   p. 590.

4. SAME. — *Intoxicating Liquors.* — *Selling.* — *Giving.* — *Former Jeopardy.*—An acquittal on the charge of giving intoxicating liquor to a person known to be intoxicated does not bar a prosecution for selling such liquor to such person, though there was but one transaction.   p. 591.

5. SAME.—*Pleas in Bar.*—*Sufficiency.*—*Intoxicating Liquors.*— *Former Jeopardy.*—A plea in bar of a prosecution for selling intoxicating liquor to a person known to be intoxicated, which alleges that defendant had been acquitted upon the charge of giving such liquor to such person, is bad, although such plea further states that said charge on which he is being prosecuted is "for the same offense" of which he was acquitted, such allegation being a conclusion.   p. 592.

6. CRIMINAL LAW. — *Conviction for Offense Charged.* — *Former Jeopardy.—Conviction for Different Crime for Same Transaction.*—Where the State has convicted the defendant of a misdemeanor, because of a certain transaction, he cannot afterwards be convicted of a misdemeanor, because of such transaction, unless such transaction constituted two misdemeanors. p. 592.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Prosecution by the State of Indiana against Adolphus Reed. From a judgment for defendant, the State appeals. *Reversed.*

*James Bingham,* Attorney-General, *Charles L. Tindall,* Prosecuting Attorney, *A. G. Cavins, H. M. Dowling* and *E. M. White,* for the State.

*Jonas P. Walker, Arthur C. Van Duyn* and *John Lockridge,* for appellee.

MONKS, J.—Appellee was charged by affidavit, before a justice of the peace, with selling intoxicating liquor to a "person at the time in a state of intoxication, knowing him to be in a state of intoxication," in violation of §573 of an act concerning public offenses, approved March 10, 1905 (Acts 1905, pp. 584, 720, §2219 Burns 1905). He was tried and convicted, and appealed to the court below, where he filed a plea in bar, averring, in substance, that before the affidavit in this case was filed, but on the same day, appellee had been placed upon his trial, upon an affidavit charging him with giving intoxicating liquors, in violation of §2219, *supra,* to the same person to whom he is charged with selling intoxicating liquor in this case; that before said trial was concluded, but after jeopardy had attached, said justice of the peace, on motion of the prosecuting attorney, without the consent of appellee, dismissed said charge of giving away, etc. That said charge upon which appellee had been placed upon trial as aforesaid is for the same offense which is stated and charged in the affidavit in this cause.

It is well settled in this State that when a defendant in a criminal prosecution is put upon his trial on a valid

charge in a court having jurisdiction of the subject-matter and the parties, and the cause is dismissed over his objection, the same is equivalent to an acquittal, and he has been put in jeopardy, within the meaning of §14, article 1, of the Constitution of this State, and cannot again be put in jeopardy for the same offense. *Hensley* v. *State* (1886), 107 Ind. 587, 589, 590, and cases cited; *Boswell* v. *State* (1887), 111 Ind. 47, 49; *Gillespie* v. *State* (1907), *ante,* 298, and cases cited; Gillett, Crim. Law (2d ed.), §31.

By §2219, *supra,* the selling, bartering, or giving away of intoxicating liquor to a person at the time in a state of intoxication, knowing him to be in a state of intoxication, is prohibited. Said section defines three separate crimes—selling, bartering, and giving away under the conditions mentioned—and upon proof of one the defendant cannot be convicted of either of the others. *Kurz* v. *State* (1881), 79 Ind. 488; *Harvey* v. *State* (1881), 80 Ind. 142; *Massey* v. *State* (1881), 74 Ind. 368; *Stevenson* v. *State* (1879), 65 Ind. 409; Gillett, Crim. Law (2d ed.), §592a.

When the facts necessary to convict upon a second prosecution would not necessarily have convicted upon the first prosecution, then the first, if dismissed, after jeopardy has attached, which, as we have said, is equivalent to an acquittal (*Boswell* v. *State* [1887], 111 Ind. 47, 49), will not be a bar to a second prosecution. 1 Bishop, Crim. Law (8th ed.), §§1052, 1053; Wharton, Crim. Pl. and Pr. (9th ed.), §§459-461, 471, 472; 17 Am. and Eng. Ency. Law (2d ed.), 597; *Boswell* v. *State, supra; State* v. *Elder* (1879), 65 Ind. 282, 285, 286, 32 Am. Rep. 69; *Smith* v. *State* (1882), 85 Ind. 553, 557; *Davidson* v. *State* (1885), 99 Ind. 366, 368, and authorities cited; *Durham* v. *People* (1843), 4 Scammon (Ill.) 172, 39 Am. Dec. 407. In 1 Bishop, Crim. Law (8th ed.), §§1052, 1053, it is said on this subject:

"§1052. * * * The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be. And—§1053. (1) The case of variance is merely illustrative. In other cases also, this test is equally applicable and nearly universal. Thus—(2) Wrong County. If the acquittal is by reason of the indictment's being brought in the wrong county, it will not bar fresh proceedings in the right one. So—(3) Other Person Injured. An acquittal for the larceny of the goods of one person will not bar an indictment for the same larceny charging them to be another's. Again—(4) Larceny and False Pretenses. One acquitted of petit larceny, then indicted for obtaining the same goods by false pretenses, may on the former evidence, if in law incompetent for conviction on the former charge, be found guilty of the latter. Also—(5) Larceny and Conspiracy—Or Receiving. After an acquittal for larceny, the defendant may be convicted of obtaining the same chattels through a conspiracy with third persons, or of receiving them as stolen goods."

This court said in Smith v. State, supra, on page 557: "The true test to determine the sufficiency or insufficiency of a plea of former acquittal as a bar to the pending prosecution, is this: would the same evidence be necessary to secure a conviction in the pending, as in the former, prosecution? If it would be, then the plea of former acquittal would be a complete bar to the pending prosecution; otherwise, the plea would not be sufficient."

Proof of a sale of intoxicating liquor by appellee to the person named in the indictment was one of the elements of the offense charged in this case, the proof of which was essential to conviction; but in the former case, not a sale, but a gift, of intoxicating liquor by appellee to the person named in the affidavit was an essential element to be established by the evidence to secure con-

viction. It is evident therefore that the evidence neces-
sary to secure appellee's conviction of a charge of selling
in violation of §2219, *supra,* would not have justified his
conviction of the giving in violation of the same section
charged in the former case.

The allegation in said plea in bar, "that said charge upon
which appellee had been placed upon trial, as aforesaid, is
for the same offense which is stated and charged in
the affidavit in this case," is the mere conclusion of
the pleader and in direct conflict with the affidavit
in this case, which charges a sale and the allegation in said
plea that the affidavit in the former case charged a gift, and
adds no strength to the plea.

It has been held by this court that, when the State prose-
cutes and secures a conviction for an affray, she assumes
that the act or acts committed constituted the of-
fense; and, having secured a conviction, she cannot
afterwards be heard to say that the same act or acts
constituted another and different misdemeanor and obtain
another conviction therefor. *Fritz* v. *State* (1872), 40
Ind. 18; *Greenwood* v. *State* (1878), 64 Ind. 250, 253;
Gillett, Crim. Law (2d ed.), §202. This rule has no ap-
plication here, however, for the reason that there was in
the first prosecution not a conviction, but what was equiva-
lent to an acquittal. As said plea in bar is insufficient, for
the reason given, it is not necessary to consider the other
objections urged thereto.

It follows that the court erred in overruling the demurrer
to said plea in bar.

Judgment reversed, with instructions to sustain the de-
murrer to said plea in bar, and for further proceedings not
inconsistent with this opinion.