## WOODWORTH v. STATE OF INDIANA

[No. 23,077.   Filed November 22, 1916.]

1. INTOXICATING LIQUORS.—*Illegal Sale.—Separate Offenses.— Statute.*—Under §8351 Burns 1914, Acts. 1907 p. 689, making it an offense for an unlicensed person to sell or barter intoxicating liquors except as elsewhere provided, or to sell or barter such liquors and permit them to be drunk on the premises where sold, the offense thus defined is not a continuing one, but each unlawful sale constitutes a separate offense. p. 584.

2. CRIMINAL LAW.—*Illegal Sale of Liquor.—Identity of Offenses.— Statute.*—Where a person in violation of §8351 Burns 1914, Acts 1907 p. 689, making it an offense for an unlicensed person to sell or barter intoxicating liquors, or to sell or barter such liquors and permit them to be drunk on the premises, makes an unlawful sale of intoxicating liquors and permits them to be drunk on the premises he commits but a single offense, and, if convicted of making an unlawful sale, he could not be again convicted of making the same sale and permitting the liquor to be drunk on the premises. p. 585.

3. CRIMINAL LAW.—*Operating Place for Illegal Sale of Liquor.— Continuing Character of Offense.—Statute.*—Under the provision of §8351 Burns 1914, Acts 1907 p. 689, making it a misdemeanor for any person to keep, run, or operate a place where intoxicating liquors are sold in violation of law, or to have such liquor in his possession for such purpose, the offense thus defined is a continuing one, and a person convicted of such offense cannot be prosecuted for running and operating a place where intoxicating liquors were sold at any time within two years previous to the return of the indictment under which he was convicted, but such conviction does not prevent the state from prosecuting him for every sale made during such two years and within the statute of limitations. p. 585.

4. CRIMINAL LAW.—*Identity of Offenses.—Single Act.*—A single act may constitute two or more distinct and separate offenses, and in such a case the state need not elect upon which offense it will proceed and a conviction of a single offense will not bar a prosecution for the other. p. 586.

5. CRIMINAL LAW.—*Running Place for Illegal Sales.*—*Evidence of Illegal Sales.*—*Statute.*—In a prosecution under an indictment charging that the defendant unlawfully kept, run and operated a place where intoxicating liquors were sold, bartered and given away, in violation of §8351 Burns 1914, Acts 1907 p. 689, the trial court properly admitted evidence as to a single sale made on the premises described in the indictment in violation of a provision of the same statute making it an offense for an unlicensed person to sell intoxicants, even though the defendant had been convicted of the latter offense, since the statute defines two separate and distinct misdemeanors. p. 587.

From Montgomery Circuit Court; *Jere West*, Judge.

Prosecution by the State of Indiana against Fred Woodworth. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Ira Clouser* and *Johnston & Johnston*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Walter H. Linn* and *Thomas Branaman*, for the State.

LAIRY, J.—On May 3, 1915, appellant was charged by affidavit with violating the provisions of §8351 Burns 1914, Acts 1907 p. 689, by selling to William Picket, on the first day of that month, two pints of beer without then and there having a license to sell intoxicating liquors. The affidavit was filed before the mayor of Crawfordsville and, on the same day it was filed, appellant appeared and pleaded guilty and was fined in the sum of fifty dollars.

Afterwards the grand jury of Montgomery county returned an indictment in the circuit court of that county in three counts, the third count of which charged that appellant, on or about May 17, 1915, unlawfully kept, run and operated a place therein described, located in the county of Montgomery, where intoxicating liquors were sold, bartered and given away in violation of law. The first two counts of the indictment were dismissed before the case went to the jury and they need no further mention.

Appellant was convicted on the third count. This appeal is taken from a judgment rendered on the verdict.

By his motion for a new trial appellant questions several rulings of the court made during the progress of the trial. It is asserted that the court erred in permitting witnesses to testify as to a transaction which occurred on May 1, 1915, on the premises described in the indictment as the place kept and operated by appellant for the unlawful sale of intoxicating liquors. The evidence in question shows that appellant on the first day of May sold two bottles of beer to William Picket and that while he and a friend were drinking the beer on the premises two policemen, accompanied by the prosecuting attorney, entered the place and, armed with a search warrant, searched for and found intoxicating liquors in an ice box. The mayor's docket was also in evidence showing that appellant was charged with making an unlawful sale to William Picket on the first day of May and that he pleaded guilty and was fined.

Appellant contends that evidence of the sale made on the first day of May was not admissible to prove that he was engaged in operating a place where intoxicating liquors were sold in violation of law for the reason that he had been once convicted and punished for making such sale, and that the State having elected to punish him once under one provision of §8351 Burns 1914, supra, cannot punish him a second time for the same act under another provision of the same section.

The fallacy of the argument in support of appellant's position consists in an assumption that the offense of selling intoxicating liquors without
1. a license is the same offense charged in the third count of the indictment upon which appellant was convicted in this case. Section 8351

Burns 1914, *supra*, defines two separate and distinct misdemeanors. By the first it is made a misdemeanor for an unlicensed person to sell or barter intoxicating liquors except as elsewhere provided, or to sell or barter such liquors and permit them to be drunk on the premises where sold. The offense thus defined is not a continuing one, as claimed by appellant, but each unlawful sale constitutes a separate offense. However, if a person in

2. violation of this part of the section makes an unlawful sale of intoxicating liquors and permits them to be drunk on the premises he commits but a single offense, and, if he were convicted of making the unlawful sale, he could not be again convicted of making the same sale and permitting the liquor to be drunk on the premises. *Long* v. *State* (1877), 56 Ind. 182, 26 Am. Rep. 19; *State* v. *Reed* (1907), 168 Ind. 588, 81 N. E. 571, and cases cited.

By a later provision of the same section it is made a misdemeanor for any person to keep, run, or operate a place where intoxicating liquors

3. are sold in violation of law, or to have such liquor in his possession for such purpose. The offense thus defined is a continuing one. *Donovan* v. *State* (1904), 170 Ind. 123, 83 N. E. 744. A person convicted of such an offense cannot be successfully prosecuted for running and operating a place where intoxicating liquors were sold at any time within two years previous to the return of the indictment under which he was convicted, but such conviction does not prevent the state from prosecuting him for every sale of liquor made during such two years and within the statute of limitations.

The gravamen of the first offense defined by the section of the statute under consideration is the unlawful sale of intoxicating liquors by a person

without a license, while that of the second offense defined is the keeping and operating of a place where such liquors are sold in violation of law, or the having of such liquors in possession for such purpose. Evidence sufficient to convict a person of the first offense would not necessarily be sufficient to sustain a conviction of the second, and the converse of this proposition is equally true.

Appellant cites and relies upon the case of *Fritz* v. *State* (1872), 40 Ind. 18. In that case the court held that a person who had been charged and convicted of the commission of an affray by fighting with another by agreement in a public place could not be afterward convicted of an assault and battery upon the person with whom he fought in the commission of such affray. There can be no doubt of the correctness of the conclusion reached in that case, but the reasoning employed does not meet with our approval. A person could not commit an affray without committing an assault and battery. The latter offense was clearly included within the former and the law is well settled that the conviction of a higher offense bars a prosecution for all included offenses. *State* v. *Hattabough* (1879), 66 Ind. 223, and cases cited.

In the course of the opinion in the case of *Fritz* v. *State, supra,* the court says: "When the State prosecutes and convicts for the affray, she assumes that the act or acts committed by the defendant constituted that offense; and having had the conviction she cannot be heard to say that the same act or acts constituted another and different misdemeanor, and obtain another conviction therefor." A single act may constitute two or more distinct and separate offenses; and if the language 4. quoted is to be understood as meaning that, in such a case, the state must elect upon which offense it will proceed and that a conviction of one

offense will bar a prosecution for the other, we cannot regard it as a proper statement of the law. It has been held that a single sale of intoxicating liquors made by a person not having a license to a person under twenty-one years of age constitutes two separate offenses, and that the one offending may be convicted of both. State v. Gapen (1896), 17 Ind. App. 524, 45 N. E. 678; 47 N. E. 25.

In view of what has been said it seems clear that the trial court committed no error in admitting the evidence in question and other evidence of a

5. like character. It was proper for the jury to consider such evidence together with other evidence in the case in determining whether appellant was engaged in operating a place where intoxicating liquors were sold in violation of law. Other questions sought to be raised are not properly presented and can not be considered. The record and briefs disclose no reversible error. Judgment affirmed.

Morris, J., concurs in the result.

NOTE.—Reported in 114 N. E. 86. Violation of liquor law, right to convict for several violations growing out of same state of facts, 31 L. R. A. (N. S.) 712. Offenses continuing throughout one day, 131 Am. St. 815.