## CAMPBELL *v.* STATE OF INDIANA.

[No. 25,057.   Filed October 6, 1926.]

1. CRIMINAL LAW.—*Separate verdicts may be rendered after consolidation of prosecutions for different offenses.*—The consolidation of prosecutions for different offenses for the purpose of trial does not make them one offense so as to require a single verdict.  p. 233.
2. CRIMINAL LAW.—*Arrest defined.*—An arrest is defined by §2156 Burns 1926 as the taking of a person into custody that he may be held to answer for a public offense.  p. 233.
3. CRIMINAL LAW.—*Manner of making arrest.*—Under §2157 Burns 1926, an arrest is made by the actual restraint of the person of the accused or by his submission to the custody of the officer arresting him.  p. 233.
4. SEARCHES AND SEIZURES.—*Search of the person, when may be made.*—An officer may search a person lawfully arrested for a misdemeanor committed in his presence without a violation of his constitutional rights.  p. 233.

5. CRIMINAL LAW.—*Admissibility of testimony of police officer as to what he found on search of accused's person.*—Testimony of a police officer that on a search of the accused, after his arrest for a misdemeanor committed in the officer's presence, a bottle of intoxicating liquor was found, was properly admitted in evidence. p. 233.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Archie Campbell was convicted of having intoxicating liquor in his possession, intoxication in a public place, transporting intoxicating liquor in an automobile, and operating a motor vehicle on a public highway while intoxicated, and he appeals. *Affirmed.*

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was prosecuted in the Delaware Circuit Court on four separate affidavits, in which he was charged as follows: In cause No. 7,772, with having in his possession intoxicating liquor (§2717 Burns 1926, Acts 1925 p. 144), in No. 7,773, with intoxication in a public place (§2721 Burns 1926, Acts 1925 p. 144), in No. 7,774, with transporting intoxicating liquor in an automobile (§2720 Burns 1926, Acts 1925 p. 144), and in No. 7,775 with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor (§2725 Burns 1926, Acts 1925 p. 144). By agreement of the prosecuting attorney and the defendant in open court, the four cases were consolidated and tried together. The jury returned four separate verdicts, each finding the defendant guilty of the offense charged in each respective affidavit.

The assignment of errors contains three specifications, but the only one relied upon is the overruling of the motion for a new trial. It is claimed by appellant

that when the causes were consolidated, only one
1.    verdict should have been returned.   He has failed
to give any good reason for this contention.
The consolidation of separate indictments or affidavits
charging definite offenses for the purpose of trial does
not make them one offense so as to permit but one sen-
tence.   1 Hyatt, Trials §101; 8 R. C. L. 167, §160;
*Howard* v. *United States* (1896), 75 Fed. 986, 21 C. C.
A. 586, 34 L. R. A. 509.

Error is alleged because the court permitted a wit-
ness for the state, Myrvin Collins, a police officer, to
testify that he took a bottle of liquor out of de-
2-5.    fendant's pocket.   Part of the testimony of this
officer was as follows:   That he was in a police
automobile when he saw appellant driving an automo-
bile and followed him for a purpose which was not
stated; on a named street, he drove up to the side of
appellant's automobile which was stopped; as he started
to get out, appellant backed his automobile into one
behind him and then started forward; the officer
jumped on the running board and told appellant to stop,
which he refused to do; the officer struck at him with
his revolver and shut off the ignition of the car; ap-
pellant then got out of his automobile and the officer
took a bottle of liquor from his pocket; that the appel-
lant was intoxicated when arrested and was under
arrest when the search was made.   The appellant testi-
fied that when he jumped out of the car, the officer took
hold of his arm.   Arrest is the taking of a person into
custody, that he may be held to answer for a public
offense.   §2156 Burns 1926, Acts 1905 p. 584, §120.   An
arrest is made by an actual restraint of the person of
the defendant, or by his submission to the custody of
the officer.   §2157 Burns 1926, Acts 1905 p. 584, §127.
The officer, having found the defendant violating the
law, could arrest and detain him until a legal warrant

could be obtained. §2176 Burns 1926, Acts 1905 p. 584, §142. An officer may search a person lawfully arrested for a misdemeanor committed in his presence, without a violation of his constitutional rights. *Haverstick* v. *State* (1925), 196 Ind. 145, 148, 147 N. E. 625, 627, and many cases therein cited. The court was justified in admitting said evidence and in refusing to strike it out.

Exceptions were taken to all instructions, thirty-two in number, given by the court on its own motion; but only two, the first and thirty-second, are presented for review. Objections are made to said instructions because in each the jury was told to bring in a separate verdict in each case. There is no merit to these objections. The last instruction is not contradictory, ambiguous or confusing and the jury would not have been misled by any statements therein. Other reasons for a new trial are not urged.

The judgment in each of the consolidated cases is affirmed.