## PIVAK *v.* STATE OF INDIANA. *

[Filed March 4, 1931.]

*Reported and annotated 74 A. L. R. 406.

*Patterson & Thiel*, for appellant.

*James M. Ogden*, Attorney-General, and *Merl M. Wall*, Deputy Attorney-General; for the State.

MARTIN, J.—This appeal, from a judgment imposing a fine and a short-term imprisonment at the Indiana State Farm for a misdemeanor, was filed in the Appellate Court subsequent to March 12, 1929, the date on which §1, ch. 123, Acts 1929, §2377.1 Burns Supp. 1929 became effective, being within the class of appeals covered by that law.   The judgment was affirmed by the Appellate Court.   *Pivak* v. *State* (1929), 92 Ind. App. 263, 168 N. E. 717.   In a petition to transfer this case to the Supreme Court, petitioner (the appellant) contends that a constitutional question was involved in his appeal and that the Appellate Court did not have jurisdiction to decide the same.

The act of 1929, cited above, conferred jurisdiction upon the Appellate Court in certain criminal cases, but it did not in any manner repeal, amend or modify §1, ch. 201, Acts 1925, §1356 Burns 1926, which provides that the jurisdiction of an appeal is in the Supreme Court if in such appeal "there is in question, and such question is duly presented, . . . the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal Constitution."   The jurisdiction of an appeal involving a constitutional question is in the Supreme Court, even though it is of a class of appeals that (under ch. 123, Acts 1929) would go to the Appellate Court if such constitutional question was not involved. *In re Petition to Transfer Appeals* (1931), *ante* 365, 174 N. E. 813.   But, in order for the Supreme Court to have jurisdiction of such a case, the constitutional question must actually be involved and be prop-

erly presented. It is not sufficient that it merely be alleged to be involved. If an allegation only was sufficient, it would be possible to appeal every case directly to the Supreme Court or to obtain the transfer thereto of any case pending in the Appellate Court.

The constitutional question which petitioner contends is involved in and presented by his appeal is as follows: That he was found guilty of possessing intoxicating liquor and also of feloniously transporting the same intoxicating liquor in an automobile (on the transportation charge, appellant was convicted and sentenced to serve not less than one nor more than two years in the Indiana State Prison but such sentence was suspended during good behavior and, from such conviction, he did not appeal); that, when the same act constitutes a misdemeanor and a felony, the offenses are merged, and that judgments under findings of guilty on both charges (the prosecutions were by separate affidavits but by agreement of the parties they were tried together) violate §14, Art. 1, Constitution that "no person shall be put in jeopardy twice for the same offense." But, upon an examination of the record, it clearly appears (A) that such question is not properly presented by the appeal and (B) that no constitutional question is actually involved in the case.

(A) The appellant made no objection to the judgment in the trial court on the ground urged by him on appeal. It is the general rule, subject to few exceptions, that questions not raised in the trial court will not be considered on appeal, *Hornberger* v. *State* (1854), 5 Ind. 300, and appellant's failure to raise such objection to the judgment in the trial court renders it unavailable on appeal. *Skaggs* v. *State* (1886), 108 Ind. 53, 8 N. E. 695; *Heyverests* v. *State* (1931), *ante* 359, 174 N. E. 710.

(B) Appellant is incorrect in his contention that the two offenses charged are the "same acts" and constitute

the "same offense." The acts and offenses charged in the two prosecutions are separate and distinct, although they may have occurred at the same time. Such a prosecution does not violate the rule announced in *Johnson* v. *State* (1860), 14 Ind. 327, that "the state cannot split up one crime and prosecute it in parts," and the consolidation of prosecutions for different offenses under separate affidavits for the purpose of trial does not make them one offense so as to permit but one verdict and sentence. *Campbell* v. *State* (1926), 198 Ind. 231, 153 N. E. 397.

A single act may constitute two or more distinct and separate offenses, as: The sale of intoxicating liquor without a license to a minor, *State* v. *Gapen* (1896), 17 Ind. App. 524, 45 N. E. 678, 47 N. E. 25, and the unlawful sale of intoxicating liquor by a person without a license and keeping and operating a place where such liquors are sold in violation of law, *Woodworth* v. *State* (1916), 185 Ind. 582, 114 N. E. 86. In *Albrecht* v. *United States* (1926), 273 U. S. 1, 47 Sup. Ct. 250, 71 L. Ed. 505, where a defendant by separate counts of the same information was charged with the offenses of possessing and selling intoxicating liquor, it was said: "The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense." In *Thompson* v. *State* (1929), 89 Ind. App. 555, 167 N. E. 345, it was held that, in a prosecution for unlawful possession of intoxicating liquor and for maintaining a liquor nuisance, conviction on both charges did not result in double punishment, as the two offenses are separate and distinct notwithstanding the fact that the offense of maintaining the nuisance was based on the unlawful possession of the intoxicating liquor. In *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775, it was held that a prosecution for maintaining a public nuisance would not constitute

a bar to a subsequent prosecution for the sale of intoxicating liquor at the same time and place. See, also, *Thomas* v. *State* (1924), 195 Ind. 440, 145 N. E. 550; *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277; *Foran* v. *State* (1924), 195 Ind. 55, 144 N. E. 529; *State* v. *Reed* (1907), 168 Ind. 588, 81 N. E. 571.

The consolidation of the two prosecutions here for the purpose of trial did not result in a merger of the misdemeanor of possessing intoxicating liquor into the felony of transporting intoxicating liquor. There is much obscurity in the books as to the application of the doctrine of merger, but offenses to be merged must, in fact, be the same. I Bishop, Criminal Law (9th ed.) §§788.2, 787.4. The doctrine applies only where the identical criminal act constitutes both offenses,[1] 16 C. J. 59; I Bishop, Criminal Law (9th ed.) 560. Moreover, it is doubtful if the doctrine of merger of

---

[1]The doctrine of merger rests on the principle that the offense merged is lesser than the one in which it is merged, and that the ingredients of the smaller one are so identical with the ingredients of the larger one that when both have been committed, they cannot, in reason and justice, be separated, so that to punish an accused in such a case would be, in effect, to punish the same act twice. *State* v. *Setter* (1889), 57 Conn. 451, 18 Atl. 782, 14 Am. St. 121.

The reason for this rule lies in the common-law distinction between a felony and a misdemeanor as regards the method of trial, where a person indicted for a misdemeanor was entitled to certain advantages and privileges not accorded to one indicted for a felony. 1 Bishop, Criminal Law (9th ed.) 560; 8 R. C. L. 54; *Hunter* v. *Commonwealth* (1875), 79 Pa. St. 503, 21 Am. Rep. 83; *State* v. *Fitzsimon* (1893), 18 R. I. 236, 27 Atl. 446, 49 Am. St. 766.

"The technical rule of the old common-law pleaders, that a misdemeanor always sinks in the felony when the two meet, has in some instances been recognized in this country, though without good reason. In England . . . the inconvenience of the principle, as well as its absurdity, has attracted grave judicial scrutiny, and eminent judges have declared they felt no disposition to extend a rule by which a man, when indicted for a misdemeanor, may be acquitted because it is doubtful whether the offense is not a felony, and who, when indicted for the felony, may be acquitted because it is doubtful whether the offense is not a misdemeanor. This has led, if not to a repudiation of the doctrine, at least to its restriction within narrow limits." 2 Wharton, Criminal Law (11th ed.) §1609, p. 1751.

"It is inequitable to deny one charged with a felony any privilege which he ought to have in a misdemeanor. Therefore the old practice has been gradually abolished in England, and was never followed in

offenses ever existed in this state. In *Hamilton* v. *State* (1871), 36 Ind. 280, 287, 10 Am. Rep. 22, the court said: "Without expressing any opinion on the question, whether the doctrine of merger, as it relates to criminal offenses, would be recognized in this State, we may say that the later determinations of the courts of England seem not to favor the doctrine, and in many states of the union it is held not to be the law." We find several cases in the Indiana reports in which the doctrine is referred to (some of them holding that it did not apply because the offenses were of the same grade), but we find no Indiana case in which that doctrine has actually been applied (except possibly as noted below).[2]

There being in this case no merger of offenses and no

this country. If, with us, there is any discrimination, it is usually in *favor* of those indicted for the higher crimes; while, in prosecutions for the lower, any peculiar rights of the defendants are merely incidental." I Bishop, Criminal Law (9th ed.) p. 573.

In jurisdictions where the reason for the rule no longer exists, as where there can be a conviction for a misdemeanor upon an indictment for a felony, the doctrine has no reasonable ground to stand on, Note 5 Am. St. 899, and has disappeared, or at least "has been to a great extent abrogated or confined to very narrow limits." 16 C. J. 59, and thus there may be a joinder of a felony and a misdemeanor where they are cognate offenses. *State* v. *Cryer* (1859), 20 Ark. 64; *Herman* v. *People* (1889), 131 Ill. 594, 22 N. E. 471, 9 L. R. A. 182; *State* v. *Fitzsimon, supra,* as where the charges relate to the same transaction. *Phillips* v. *United States* (1926), 264 Fed. 657; *United States* v. *Ridgeway* (1912), 199 Fed. 286; *State* v. *Cazeau* (1853), 8 La. Ann. 109; *Commonwealth* v. *Costello* (1876), 120 Mass. 358; *People* v. *Trainor* (1901), 57 App. Div. 422, 68 N. Y. Supp. 263, 15 N. Y. Cr. Rep. 333; *Henwood* v. *Commonwealth* (1866), 52 Pa. St. 424; *State* v. *Nelson* (1867), 14 Rich. (S. C.) 169, 94 Am. Dec. 130; *State* v. *Stewart* (1887), 59 Vt. 273, 9 Atl. 559, 59 Am. Rep. 710.

[2]In *Wright* v. *State* (1854), 5 Ind. 527, the appellant was indicted for murder in the second degree and found guilty of assault and battery. It was held that assault and battery, a misdemeanor, is not included in any of the degrees of felonious homicide; that, in a case of felonious homicide, it is merged in the felony, and that the verdict was a nullity, that the indictment still stood against the prisoner and he could be tried again.

In *Harman* v. *State* (1858), 11 Ind. 311, the indictment charged that a counterfeit bill was passed on Sunday and the defendant insisted he "should have been prosecuted for a violation of the *Sabbath* and not for passing counterfeit money." The court said "it was proper to indict the defendant for the commission of the higher crime, and should he subsequently be prosecuted for violating the *Sabbath*, the question

double conviction for the same offense, there can be no basis for appellant's claim that he was twice placed in jeopardy for the same offense, and it follows that no constitutional question is involved.

The petition is dismissed.

Myers, C. J., and Travis, J., absent.

of a second punishment for that offense could be raised.   It is not clear but that he might be separately prosecuted for each of the offenses.''
 · In *Fritz* v. *State* (1872), 40 Ind. 18, which is criticised in *Woodworth* v. *State* (1916), 185 Ind. 582, 586, 114 N. E. 86, appellant was indicted for assault and battery with intent to murder and was convicted of assault and battery.   He proved he had been convicted of an affray before a justice of the peace.   The court held that the conviction of affray barred a prosecution for assault and battery (both misdemeanors) and that the second conviction was erroneous.

In *State* v. *Hattabough* (1879), 66 Ind. 223, appellant was indicted for assault and battery with intent to murder.   He pleaded a conviction before a justice of the peace upon a plea of guilty for assault and. battery based on the same assault for which he was indicted.   It was held that the crime charged was a felony while simple assault is a misdemeanor and that the conviction by the justice of the peace was no bar to the prosecution for the felony.   The dissenting opinion in this case points out that the court erroneously applied the doctrine of merger in giving the reasons for its holding.

In the cases of *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54; *Hamilton* v. *State* (1871), 36 Ind. 280, 10 Am. Rep. 22, it is stated that the doctrine of merger has no application where the two crimes are of equal grade.