STATE *vs.* ALBERT FITZSIMON.

A count for misdemeanor and a count for felony may be joined in an indictment if the offences charged are cognate. In case of such joinder, requiring the prosecutor to elect the count on which he will ask conviction, is a matter in the discretion of the court.

Burglary and an assault with intent to commit rape are not cognate offences and cannot be joined by separate counts in the same indictment.

In Rhode Island a defendant on petition for a new trial may insist both that the court erred in its rulings of law and that the verdict was against the evidence. Hence, on such a petition a defendant may take advantage of the misjoinder of counts in the indictment against him.

In criminal proceedings for an assault with intent to rape the character of the woman as to chastity may be attacked, but specific acts of unchastity with other men than the defendant cannot be shown. *Aliter* in civil proceedings.

What the woman said about the affair immediately after its occurrence is a part of the *res gestæ* and is admissible evidence against the man.

In criminal proceedings for burglary the prosecution was allowed to show that the defendant twice entered the house on the same night: *first*, because in the circumstances the prior entry being fruitless the two showed a single purpose to commit one felony; *second*, because the evidence showed the whereabouts of the defendant.

INDICTMENT for burglary.   On defendant's petition for a new trial.

*March* 15, 1893.   TILLINGHAST, J.   One of the principal reasons urged by the defendant in support of his position for a new trial, is the joinder in the indictment of a count for assault with intent to commit rape, with a count for burglary, whereby he alleges that he was embarrassed and prejudiced in his trial, the court below refusing to compel the attorney general to elect upon which of said counts he would go to the jury.   At the common law, the general rule of practice was to allow several felonies, or several misdemeanors,

to be charged in several counts of the same indictment, but not to allow of the joinder of a felony with a misdemeanor. 2 Hale, Pleas of the Crown, 173; *The King* v. *Fuller*, 1 Bos. & Pul. 180; *Rex* v. *Benfield & Saunders*, 2 Burr. 980; 1 Chitty Criminal Law, 208, 209; *Storrs* v. *The State*, 3 Mo. 9; *Scott's Case*, 14 Gratt. 687, 694; *Harman* v. *The Commonwealth*, 12 Serg. & R. 69, 70. Nor could there be a conviction of a misdemeanor on an indictment charging a felony. *Rex* v. *Cross*, 1 Ld. Raym. 711; 2 Hawkins, Pleas of the Crown, cap. 47, § 6. The reason for this rule, as stated by Paxon, J., in *Hunter* v. *The Commonwealth*, 79 Pa. St. 503, 505, "was that persons indicted for misdemeanors were entitled to certain advantages at the trial, such as the right to make a full defence by counsel, to have a copy of the indictment, and a special jury, privileges not accorded to those indicted for a felony." See also *State* v. *Smalley*, 50 Vt. 736, 749. By the passage of the stat. 7, Wm. 4, and 1 Vict. chap. 85, § 11, known as "Lord Denman's Act," however, which makes it lawful for the jury in case of felonies committed against the person, to acquit the defendant of the felony, and find him guilty of a constituent misdemeanor, said rule was practically abrogated, and it is to be presumed, therefore, that the reason on which it was based no longer exists. See *Regina* v. *Bird*, 2 Denison Cr. Cas. 99. Later English statutes and decisions have still further modified the rigor of the common law in regard to the matter now under consideration. See Stephen's Digest of the Law of Criminal Procedure, 178–181. *Ferguson's Case*, Dearsly Cr. Cas. 427. The common law rule first above referred to, that a felony and a misdemeanor should not be joined in the same indictment, was based upon substantially the same reasons as the rule which prohibited the conviction for a misdemeanor under an indictment for felony. It cannot be contended, however, that the reason of said rule, even if it were still in force in England, has any application in those states, where, like our own, the defendant in any indictment whatsoever, is not only entitled to the assistance of counsel, who are furnished and paid by the state if he is too poor to furnish his own, but

where he may testify in his own behalf, call witnesses at the expense of the state, if need be, and have every privilege and facility possible for making a full and complete defence.   Indeed, as said in *Hunter* v. *The Commonwealth, supra*, "By the merciful provisions of our criminal law, the higher and more atrocious the crime, the more numerous are the safeguards thrown around the accused, and the more jealously does the law guard every legal right to which he is entitled." The practice has always been in this state, on an indictment for felony, to allow the jury to convict of any lesser offence included therein.   See Pub. Stat. R. I. cap. 248, § 23[1], and also to allow of the joinder of a count for misdemeanor with a count for felony, where the offences are cognate, such as larceny and the receiving of stolen goods, and rape and an assault with intent to commit rape.   *State* v. *Hazard*, 2. R. I. 474.   And whether, in case of such joinder, the attorney general shall be compelled to elect upon which count he will ask for a conviction, rests in the discretion of the trial court. Wharton, Criminal Pleading and Practice, 9th ed. §§ 294–297, and cases cited; *State* v. *Maloney*, 12 R. I. 251; *State of Maryland* v. *Bell*, 27 Md. 675, 677; *Wall* v. *The State*, 51 Ind. 453, 454.   An examination of the decisions in other states upon the question of the joinder of counts for felony and misdemeanor in the same indictment, shows that while they are by no means uniform, yet that such practice is generally allowable in all cases, "except where the offences charged, are repugnant in their nature and legal incidents, and the trial and judgment so incongruous as to deprive the defendant of some legal advantage."   *Henwood* v. *The Commonwealth*, 52 Pa. St. 424.   In other words, the general rule is, that felonies and misdemeanor forming part of the de-

---

[1]As follows:

Sec. 23.   Whenever an indictment shall be found against any person for any offence, and the petit jury shall not be satisfied that he is guilty of the whole offence but shall be satisfied that he is guilty of so much thereof as shall substantially amount to an offence of a lower nature, the jury may find him guilty of such lower offence; and the court shall proceed to sentence such convict for the offence of which he shall be so found guilty, notwithstanding that such court had not otherwise jurisdiction of such offence.

velopment of the same transaction may be joined in the same indictment. Wharton, Criminal Pleading and Practice, §§ 285–294 and cases cited; *Harman* v. *The Commonwealth*, 12 Serg. & R. 69; *Commonwealth* v. *McLaughlin*, 12 ʼCush. 612; 10 Amer. & Eng. Encyc. of Law, 599 c. and cases cited in note 4; *State* v. *Lincoln*, 49 N. H. 464; *Stevens alias Wright* v. *The State*, 66 Md. 202; *Staeger* v. *The Commonwealth*, 103 Pa. St. 469, 472. In *Cawley* v. *The State*, 37 Ala. 152, 153, Walker, C. J., says: "After an elaborate and careful review of the authorities, we feel safe in announcing the conclusion, that two offences committed by the same person may be included in the same indictment, where they are of the same general nature, and belong to the same family of crimes, and where the mode of trial and nature of punishment are also the same."

The first question which arises in the case at bar then, is this: Are the offences of burglary and an assault with an intent to commit rape, cognate offences? We do not think they are. Burglary is the breaking and entering the dwelling-house of another in the night time with intent to commit a felony therein, whether the felonious intent be executed or not. Russell on Crimes, 6th Amer. ed. 786; 4 Blackstone Comment. 227; while an assault with intent to commit rape, is merely a statuory misdemeanor, entirely distinct from and having no necessary connection with the first named crime. Nor are said offences so related that the greater necessarily includes the less, as is the case in murder, which includes manslaughter, and in rape, which includes an assault with intent to commit rape. *Commonwealth* v. *Thompson*, 116 Mass. 346. Moreover, our statutes recognize a marked distinction between burglary and assault with intent to commit rape, by classing the former with "offences against private property," and the latter with "offences against the person." Pub. Stat. R. I. cap. 240, cap. 242. We have been referred to no case in which such a joinder as the one now before us has ever been allowed, and a somewhat thorough examination of the authorities satisfies us that none can be found. For a full discussion of the general question involved, see

Archbold's Criminal Pleading and Practice, 8th ed. 292–300 and cases cited; *Gilbert* v. *The State of Georgia,* 65 Ga. 449; *The State* v. *Hooker,* 17 Vt. 658; *Rex* v. *Galloway,* 1 Moody Cr. Cas. 234; *Young* v. *The King,* 3 Term Rep. 98; *The People* v. *Tweed,* 5 Hun, 353; *The State* v. *Boise and Stuke,* McMullen, 189; *Kane* v. *The People,* 8 Wend. 203; *Cook* v. *The State,* 24 N. J. Law, 843; *Commonwealth* v. *Doherty,* 10 Cush. 52; *Crowley* v. *The Commonwealth,* 11 Metc. 575, 579; *Campbell* v. *The People,* 109 Ill. 565; *Stevick* v. *The Commonwealth,* 78 Pa. St. 460, 463; 1 Bishop on Criminal Procedure, §§ 199–213 and cases cited.

We are aware that the case is not before us on a motion in arrest of judgment, although it appears from the record that such a motion was made in the court below, and overruled; and that exception was duly taken to said ruling. We think, however, that under the broad provisions of our statute relating to new trials, see Pub. Stat. R. I. cap. 221, § 2, the defendant may be permitted to take advantage of so incongruous charges as those contained in this indictment, on a petition like this. For it can hardly be said that a party has had a "full, fair and impartial trial," who has been forced to defend himself, on the same indictment, against two inconsistent and widely different offences. Moreover, under our practice, on a petition for new trial the petitioner may proceed at once, as he has done in this case, on the two grounds, that the court has erred in its rulings, and that the verdict is against the evidence, *Elliott* v. *Benedict,* 13 R. I. 463, 467.

We do not think the court erred in refusing to allow the defendant to offer evidence of intimacy on the part of the woman assaulted, with other men than the defendant. While the character of the prosecutrix for chastity may be attacked by the defendant in a case of this sort, we do not think that specific acts of improper conduct with other men can be shown. 1 Greenleaf on Evidence, 13th ed. § 54, and cases cited in note 1. *Regina* v. *Holmes,* 12 Cox Cr. Cas. 137; *McCombs* v. *The State,* 8 Ohio St. 643; *The State* v. *Foshner,* 43 N. H. 89; *The State* v. *Knapp,* 45 N. H. 148;

Wharton on Criminal Law, § 1151. In civil cases growing out of an alleged indecent assault, it has been held that both the character of the woman assaulted for chastity as well as specific acts of unchastity may be shown in defence. *Mitchell* v. *Work*, 13 R. I. 645.

The court did not err in permitting the state to prove what the prosecutrix said to a person in the house about the affair immediately after its concurrence, as it was clearly part of the *res gestæ*. *State* v. *Murphy*, 16 R. I. 528; *McCombs* v. *The State, supra*; *Rex* v. *Clarke*, 2 Starkie, 241; *The State* v. *Patrick*, 107 Mo. 147, 163–168. While the evidence submitted on the part of the State tends to show that the defendant did in fact enter the house at two different times on the night in question, yet, as it also tends to show that both of said entries were made in pursuit of but one purpose, to wit, the commission of a felony, and that his design being frustrated on his first entry by being frightened away by the inmates of the house, he reentered about two hours later, the court did not err in refusing to rule that this constituted two separate burglaries, and that the attorney general should be compelled to elect upon which one he would go to the jury. See Bishop's New Criminal Law, § 793. But even if the second breaking could be properly regarded as a distinct and separate offence from the first, it was nevertheless competent evidence as tending to show the whereabouts of the defendant during the night in question. And especially is this true, when as in this case the two breakings, if such there were, were only separated in point of time, by the brief space of about two hours. *The People* v. *Mead*, 50 Mich. 228. As there must be a new trial of the case for the reason first above given, we express no opinion as to the sufficiency of the evidence to warrant a conviction on either of said counts.

*Petition granted.*

*Robert W. Burbank, Attorney General,* for the State.

*George J. West & Patrick J. McCarthy,* for defendant.