STATE *vs.* ALBERT O. ROBBINS.

APRIL 25, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Rathbun, JJ.

*(1)   Criminal Law.   Grand Jury.   Indictments.*

The pending of a criminal complaint against a respondent in a district court under which he is held to bail, is not a bar to an indictment by a grand jury for the same offence, but the grand jury may exercise its powers under Gen. Laws, 1909, cap. 273, § 15, independently and without giving consideration to any proceeding which may have been instituted or may be pending in a district court.

INDICTMENT.   Heard on motion to quash and denied.

VINCENT, J.   On November 25, 1916, the defendant was arrested upon a complaint and warrant issued out of the District Court of the Eighth Judicial District charging him with performing a criminal operation upon the body of one Dorothy Vivian Hughes which resulted in her death.   On the same day the defendant was arraigned upon said complaint, pleaded not guilty, and furnished bail.

On December 4, 1916, the defendant was indicted by the Grand Jury for the counties of Providence and Bristol for the same offence.   Upon this indictment the defendant was arraigned in the Superior Court, December 16, 1916, pleaded not guilty and gave bail, and on December 20, 1916, the complaint pending in the district court was voluntarily discontinued by the prosecution without any hearing or other action thereon.   The defendant was tried upon the indictment in February, 1917, and found guilty.   Defendant's motion for a new trial was heard and denied by the trial court and the case is now pending in this court upon the defendant's exceptions upon which there has been no hearing.

The defendant has now filed in this court his motion asking (1) that the indictment be dismissed or quashed; (2) that the defendant be released and discharged from

arrest; and (3) that the bail and sureties of the defendant be released and discharged from further liability.

(1)    The defendant bases his motion on the want of jurisdiction in the Superior Court, the Grand Jury having no jurisdiction to indict the defendant while preliminary proceedings were pending against him for the same offence in the district court.

The defendant does not claim that it would be illegal for the Grand Jury to find an original indictment without any preliminary proceeding or examination in the lower court, but he does claim that the actual pendency of the preliminary proceeding suspends the jurisdiction of the Grand Jury to act, and that to hold the defendant to bail in two different proceedings at the same time and for the same offence would be illegal.

As we have no statute in this state requiring a preliminary examination as a condition precedent to the finding of an indictment by the Grand Jury, and as the defendant admits that the Grand Jury may properly find an indictment in the absence of any previous examination in the district court, our investigation necessarily becomes limited to the single question as to whether the pendency of preliminary proceedings interrupts or neutralizes, at least for the time being, any action by the Grand Jury.

It is undisputed that for a long time it has been the practice in this State for Grand Juries to take up cases pending in the district courts and bring indictments and that Grand Juries have found indictments in some cases where the district court has discharged the defendant and in other cases has refused to find indictments against defendants who have been bound over. While such existing practice may not be decisive of the question before us it may be taken into account in its consideration.

By Section 15 of Chapter 273, General Laws of Rhode Island, it is provided that: "All grand juries shall be impaneled by the superior court. They shall be empowered, required, and charged to diligently inquire and true pre-

sentment make of all crimes and offences done or committed within their jurisdiction, and shall, in so far as may be deemed necessary, be instructed by the court in the law relative thereto."

In *State* v. *Snell*, 21 R. I. 232 at page 234, the court said: "The grand jury under its common law powers, and also under the provisions of Gen. Laws, R. I. cap. 223, § 6, has full power to find an indictment regardless of the source of the complaint. Its powers, generally speaking, are co-extensive with the original criminal jurisdiction of the court of which it is a constituent part. *United States* v. *Hill*, 1 Brock. C. C. 156; 9 *Am. & Eng. Ency. L.* 13; *State v. Barnes*, 5 Lea 398."

We do not need to pursue the discussion further. We think that the action of the Grand Jury, in the case at bar, was in accordance with our statute and the decisions of this court and that a Grand Jury may exercise the powers, which the statute confers, independently and without giving consideration to any proceedings which may have been instituted, or may be pending, in the district court.

The defendant's motion is denied.

*Herbert A. Rice, Attorney General. Abbott Phillips,* of counsel, for State.

*Cushing, Carroll & McCartin,* for defendant.