221 A.2d 466.

RAYMOND RALPH JOHNSON *vs.* HAROLD V. LANGLOIS, *Warden.*

JULY 8, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This petition for a writ of habeas corpus, prepared pro se, was brought by the petitioner to obtain his release from the custody of the respondent warden of the adult correctional institutions on the ground that the superior court mittimus had been issued by a superior court justice in violation of the petitioner's constitutional guarantees against unlawful searches and seizures.

We issued the writ and in response thereto the respondent warden made due return as provided in G. L. 1956,

§§10-9-7 and 10-9-8. In it respondent admits having custody of petitioner, but denies that said custody is unlawful and in support thereof substantially asserts the following reasons.

On March 16, 1964 a search warrant issued out of the district court of the sixth judicial district and on the authority thereof petitioner's residence and person were searched resulting in the seizure of a quantity of heroin together with a hypodermic needle and syringe. The following day, March 17, petitioner was arraigned in the district court of the sixth judicial district, pleaded not guilty, and was committed to the adult correctional institutions for lack of bail. April 2, 1964 petitioner waived examination in said court, was bound over to the grand jury and remanded to the adult correctional institutions for lack of bail.

July 1, 1964 said grand jury returned two indictments predicated on the evidence as seized aforesaid. They are Indictment No. 32,836 for possession of heroin in violation of G. L. 1956, §21-28-31, as amended, and Indictment No. 32,837 for unlawful possession of a hypodermic needle and syringe in violation of G. L. 1956, §21-28-33, as amended. Arraigned on said indictments, petitioner pleaded not guilty and was remanded to the adult correctional institutions for want of surety of $3,000 in each case.

Thereafter petitioner filed a motion to suppress the evidence and dismiss the case in each instance. The motions were heard together by a superior court justice on November 6, 1964, both were denied, and his exceptions thereto were noted.

The respondent's return further recites that petitioner went to trial on Indictment No. 32,836, illegal possession of heroin. The trial began March 23 and resulted in a guilty verdict. His motion for a new trial was heard on April 20, 1965 and denied. May 19, 1965 he was sentenced to serve two years in the adult correctional institutions and it is on

the mittimus resulting therefrom that respondent warden justified petitioner's restraint.

Pursuant to the mandate of our writ, petitioner appeared in this court on May 18, 1966 and informed us that counsel had been appointed for him in connection with the proceedings in the district court of the sixth judicial district by a justice thereof, but that petitioner was dissatisfied with the conduct of appointed counsel and dismissed him. Thereafter, he was represented by the public defender but became dissatisfied with the representation thus afforded, averring that at the November 6, 1964 hearing on his motions to suppress the public defender, or a member of his staff, was disinclined to present petitioner's cause in the manner the latter desired. Thereafter, he acted pro se including his trial on its merits and all subsequent proceedings.

In his pro se brief and oral argument petitioner contends in substance that there was no probable cause sufficient to support the issue of the search warrant out of which his restraint results.

The conclusion thus reached by petitioner, however, is not technically correct. He is presently restrained by reason of his failure to furnish surety on his recognizance in connection with Indictment No. 32,837 and the sentence of the court resulting from his conviction on Indictment No. 32,836. While it may be argued that if it were to be determined that the search warrant was issued without probable cause in violation of petitioner's constitutional rights, the indictments in question would be void and petitioner thus entitled to be discharged, a determination that the search warrant was valid would deprive him of the opportunity to argue that his conviction on Indictment No. 32,836 was otherwise improper.

We take this position because the record discloses that on April 22, 1965, petitioner filed an intention to prosecute

a bill of exceptions taken in connection with his trial on Indictment No. 32,836.

In the interest of petitioner's rights, therefore, we consider as inappropriate a review of his factual contentions made in connection with the issuance of the search warrant.

By arguing his bill of exceptions, petitioner will be afforded a full hearing, not limited to his contentions on the issue of probable cause made in connection with the issuance of the search warrant but on all other exceptions taken during the course of the trial.

However, we note that the time within which the transcript and bill of exceptions were to be presented for allowance by the superior court justice has been repeatedly extended, the last such extension being to July 31, 1966. The record does not indicate the reasons for such extensions, but whatever they may be petitioner's day in this court has been so delayed as to give cause for concern. Although the record discloses that the public defender is still counsel of record and in the interest of protecting petitioner's rights obtained the aforementioned extension to July 31, 1966, petitioner advises us that he does not desire the services of the public defender in perfecting and arguing his bill of exceptions. Further, petitioner also advises us that he considers himself inadequate to continue his cause pro se. This presents a very troublesome situation. Nevertheless under all the circumstances here related, having particular regard to the time already elapsed, we conclude that petitioner's rights can most expeditiously be carried out and fully protected through a prompt prosecution of his bill of exceptions by counsel of record, the public defender, who, to the extent required, should be guided by petitioner's conception of his defense.

Further, we deem it advisable to remind the petitioner that, without means to engage counsel of his choice, he is entitled to be represented by competent counsel provided

for him, but the controlling criterion is competency and there is no question as to the competency of the public defender. Moreover, the petitioner's paradoxical contentions, that on the one hand he lacks the skill and knowledge to conduct his defense pro se while on the other complaining that counsel is disinclined to prosecute the defense in the exact manner and extent as desired by the petitioner, are untenable and if pursued could lead to a misfortune of the petitioner's own making.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is ordered remanded to the custody of the respondent warden.

*Raymond Ralph Johnson* pro se, petitioner.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Assistant Attorney General, for respondent.