243 A.2d 906.

KENNETH P. BRADY *vs.* HAROLD V. LANGLOIS.

JULY 10, 1968.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   This habeas corpus proceeding was instituted by the petitioner, pro se.  He is presently confined in the adult correctional institutions under sentences imposed by the superior court in indictments Nos. 33232 and

34660. On January 3, 1968, he filed the instant petition, and subsequently a memorandum of law in support thereof. We issued the writ and in his sworn return the respondent admitted having custody of the petitioner, but denied that such custody was illegal. We also issued a citation directing the clerk of the superior court to certify to this court the pertinent records.

It appears therefrom that on December 7, 1964, the grand jury returned indictment No. 33232 charging petitioner with breaking and entering in the nighttime. On April 14, 1965, he pleaded guilty and received a deferred sentence. On July 12, 1966, he was again arrested and on July 13, 1966, was arraigned in the sixth district court on a charge of assault and robbery allegedly committed on July 12, 1966. The matter was then continued by the district court to July 28, 1966, and he was committed to the adult correctional institutions.

On July 18, 1966, he was brought before the superior court as a violator of his deferred sentence, and the case was continued in that court to July 28, 1966 for a presentence report. In the meantime he was held without bail. On July 28, 1966,[1] petitioner was again brought before the superior court in Providence pursuant to a capias issued by that court and charged with a violation of the deferred sentence on the basis of the charge which had been brought in the district court. For the alleged violation of the deferred sentence, the superior court imposed a two-year sentence commencing on July 28, 1966, and thereupon recommitted him to begin service of that sentence.

Thereafter, on August 4, 1966, the petitioner was brought before the district court and, after a hearing, was adjudged probably guilty of assault and robbery and was bound over

---

[1]The transcript of this hearing is not part of the record returned to this court. However, at the hearing before us petitioner's counsel stated that it is not necessary for a resolution of the issues raised in these proceedings.

to the grand jury. On September 19, 1966, the grand jury returned indictment No. 34660 charging petitioner with the offense of robbery on July 12, 1966.

On October 28, 1966, he was arraigned before the superior court on that charge, pleaded not guilty, and for want of bail was committed. On February 1, 1967, he was again brought before the superior court, pleaded guilty to the reduced charge of larceny from the person, and was thereupon sentenced to a term of two years to commence after the expiration of the sentence he was then serving.

It is on this record that petitioner seeks relief in these proceedings.

On April 2, 1968, we issued a writ of habeas corpus ordering respondent to bring petitioner before this court on April 3, 1968 and to show the cause of the taking and detaining of petitioner. At that hearing petitioner spoke in his own behalf. Because we were of the opinion that he could not adequately represent himself, in the peculiar circumstances of this case we offered to appoint private counsel to represent him in these proceedings. He agreed to accept court appointed counsel and we thereupon assigned the case for hearing to the May 1968 argument list. On April 5, 1968, we appointed Edward J. Regan, Esquire, to represent petitioner.

I

The petitioner's first contention is that the grand jury failed to return " * * * any indictment on the charge which was *specifically alleged* to have constituted the violation of * * *" his deferred sentence and, therefore, under G. L. 1956, §12-19-18, the two-year sentence imposed on July 28, 1966, should be quashed. (italics ours) Section 12-19-18, reads as follows:

"Termination of imprisonment on deferred sentence on failure of grand jury to indict.—Whenever any person shall have been sentenced to imprisonment for violation of a deferred sentence by reason of the alleged

commission of a felony, and the grand jury shall have failed to return any indictment on the charge which was specifically alleged to have constituted the violation of said deferred sentence, the sentence to imprisonment for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so·sentenced, be quashed and imprisonment thereunder shall be terminated forthwith and the deferred sentence shall have same force and effect as if no sentence to imprisonment had been imposed thereunder."

We find no merit in petitioner's instant contention. An indictment, under §12-19-18, does not have to contain words identical to those in the complaint if both allege the same offense. We look to substance rather than to form and, in so doing, conclude that §12-19-18 is of no help to petitioner.

The complaint and warrant alleges that petitioner, on July 12, 1966, committed an assault and robbery. Indictment No. 34660, using the short form permitted by §12-12-7, alleges that on July 12, 1966, petitioner committed a robbery.

The common-law crime of robbery has been defined as the " '* * * felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence, or putting him in fear.' " *State* v. *Domanski,* 57 R. I. 500, 501, 190 Atl. 854, 855. Assault and larceny are essential elements of the crime of robbery. 2 Wharton's *Criminal Law and Procedure* (12 ed.), §545, pp. 242, 243. See also *Commonwealth* v. *Mahoney,* 331 Mass. 510, 120 N.E.2d 645. Since assault is an essential element of the crime of robbery, it follows that the indictment for robbery is identical to the offense of assault and robbery charged in the complaint and that therefore petitioner's contention is without merit.

## II

Before considering petitioner's second contention we deem it advisable to dispose of the state's argument that habeas corpus does not lie to attack a sentence petitioner has not yet begun to serve.

For the purpose of this discussion we shall assume, without deciding, that the sentence on indictment No. 34660, i.e., the second of the two consecutive sentences, has not commenced and that petitioner is still serving the first of the two sentences. In support of its argument the state relies on *Walker* v. *Wainwright,* 390 U. S. 335, 88 S. Ct. 962, 19 L. Ed.2d 1215, which states that *McNally* v. *Hill,* 293 U. S. 131, 55 S. Ct. 24, 79 L. Ed. 238, does not stand for the proposition that habeas corpus will lie only when it will result in a prisoner's immediate release but rather that a prisoner cannot employ federal habeas corpus to attack a "* * * sentence which [he] has not begun to serve."

However, after the case at bar was argued, the United States Supreme Court decided the case of *Peyton* v. *Rowe,* 391 U. S. 54, 88 S. Ct. 1549, 20 L.Ed. 2d 426, wherein it expressly overruled *McNally* and held that a state prison inmate who is serving consecutive sentences is "in custody" under any one of them for habeas corpus purposes and may challenge the legality of a sentence he is scheduled to serve in the future. We follow that decision and hold that the petition is properly before us.

We come now to petitioner's contention that under the facts of this case his imprisonment as a deferred-sentence violator constitutes a deprivation of rights guaranteed to him under the equal protection clause of art. XIV of amendments to the constitution of the United States. This argument is premised on petititoner's claim that the charge of robbery in indictment No. 34660 was nol prossed and therefore the ultimate effect was the same as if no indictment had in fact been returned. The validity, if any, of

petitioner's argument depends upon the accuracy of his claim that the charge of robbery was nol prossed. In our judgment the claim is not accurate.

It is obvious that petitioner bases his statement that the charge of robbery was nol prossed on the following jacket entry:

> "1967 Feb 1 Weisberger J. defts severally appear & charge of Robbery nol prossed as to each deft. defts severally arraigned on charge of Larceny from the Person each pleads guilty & defts Tracey & Brady sentenced to A.C.I. for 2 yrs from & after the expiration of sentences now serving & committed."

Generally, jacket entries are conclusive evidence of the actions therein recited. *Vieira* v. *Vieira*, 98 R. I. 454, 204 A.2d 431. The jacket entry in the instant case, however, also includes the following notation after the word "Robbery," namely, "L.F.T.P.," which, we understand to mean "larceny from the person." The jacket entries thus present an ambiguous record. In resolving this ambiguity, we look to the transcript of the February 1, 1967 hearing and conclude therefrom that the charge of robbery was not nol prossed. The transcript shows, and this is not disputed, that the indictment was amended with the consent of petitioner and his counsel; that the charge was thereby reduced from robbery to larceny from the person; and that petitioner then pleaded guilty to the reduced charge. This is also borne out by the inclusion of the initials "L.F.T.P." on the jacket of the case. From a reading of the jacket entries in the context of the transcript, we are satisfied that in recording the happenings of the February 1, 1967 hearing, the clerk inadvertently used the words "nol prossed." Since the facts on which petitioner based the instant contention find no support in the record, we do not reach the constitutional question raised by him.

### III

The petitioner's next contention is that he has been deprived of his rights to a speedy trial guaranteed to him under art. I, sec. 10, of the state constitution, which reads in pertinent part as follows:

> "* * * In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * * ."

The petitioner relies specifically on G. L. 1956, §12-10-9, which governs the adjournment of trials or examinations in the district courts. Section 12-10-9 reads as follows:

> "Adjournment of trial or examination.—Any district court may adjourn any trial or examination pending before it, from time to time, not exceeding fourteen (14) days at any one time, except with the consent or at the request of the accused, and to the same or to a different place in the same district."

As we have previously pointed out, after petitioner was arraigned in the district court on July 13, 1966, the matter was continued to July 28, 1966, a period of 15 days, and then to August 4, 1966, an additional seven days. He argues that inasmuch as these continuances were without his consent, his rights under art. I, sec. 10, and under §12-10-9 were violated and that such violation resulted in an automatic loss of jurisdiction by the district court and the vacating of the charges brought against him on July 13, 1966. He further contends that when, on August 4, 1966, the district court purported to bind him over to the grand jury, it had already lost jurisdiction of the case and therefore the bind over and all proceedings taken thereunder were a nullity.

On the facts of this case, we find no merit in petitioner's reliance on §12-10-9. We have examined the cases cited by petitioner but find that they are not in point. The offense of assault and robbery with which petitioner was charged on July 12, 1966, is an indictable offense over which

the grand jury had jurisdiction when it returned indictment No. 34660 on September 19, 1966. Indeed, even a finding of not probably guilty by the district court would not deprive the grand jury of jurisdiction of such offense. Moreover, even if we assume, without deciding, that §12-10-9 was applicable and that the district court had lost jurisdiction of the case, it does not follow that this would deprive the grand jury of jurisdiction thereof. General laws 1956, §8-2-34; *State* v. *Robbins*, 42 R. I. 213, 106 Atl. 291. We find nothing in this record to support petitioner's claim that he has been deprived of rights guaranteed to him by art. I, sec. 10, of our constitution.

We have considered all of the contentions made by the petitioner and his counsel even though we may not have expressly referred to all of them. Those we have not expressly referred to are lacking in merit and require no discussion.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, the pertinent records certified to this court are ordered returned to the superior court, and the petitioner is ordered remanded to the custody of the respondent warden in accordance with the superior court's order of commitment.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for respondent.