244 A.2d 593.

WILLIAM A. BURKE *vs.* HAROLD V. LANGLOIS.

JULY 30, 1968.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J. This petition for habeas corpus was brought by the petitioner who is presently confined in the adult correctional institutions under a sentence imposed by a justice of the superior court. We issued an order directing the respondent to show cause why the writ should not issue as prayed. The respondent filed a return in which he admitted having custody of the petitioner, but denied that such custody was unlawful. The petitioner filed a reply to respondent's return and thereafter we ordered the writ to issue. *Burke* v. *Langlois,* 103 R. I. 768, 238 A.2d 369. We also issued a citation directing the clerk of the superior court to transfer to this court all pertinent records. The petition, the respondent's return, the petitioner's reply and the record filed here by the clerk of the superior court disclose the following.

On October 28, 1964, the grand jury returned indictment No. 33190, charging petitioner with the crime of kidnapping. On April 30, 1965, he was found guilty by a jury of such offense. On June 23, 1966, his bill of exceptions was overruled by this court, *State* v. *Burke,* 101 R. I. 103, 220 A.2d 508, and on August 2, 1966, he was sentenced to serve a term of 12 years in the adult correctional institutions. The facts resulting in indictment No. 33190 are set forth in our decision in *State* v. *Burke, supra,* and need not be repeated here.

On September 15, 1967, petitioner filed in this court a paper entitled "Petition To Review The Proceedings Of The Case Of Rhode Island v. Burke Indictment No. 33190." Then on December 18, 1967, he filed a "Petition For A Writ of Habeas Corpus" and a paper entitled "Waiver Of Counsel." As we have previously indicated, we issued the writ and, although the petition was prepared and filed

by the petitioner pro se, we appointed the public defender to represent him in the prosecution of his petition in this court. Subsequently, however, at petitioner's request the public defender was permitted to withdraw as counsel in this proceeding and petitioner's motion to argue the petition on the merits pro se was granted. We also granted his motion for an early assignment and assigned the petition for hearing on the merits to the calendar for June 10, 1968. At that hearing we again offered to appoint private counsel at the state's expense to represent petitioner in these proceedings, but he declined such offer, insisted on arguing his own case, and expressly waived counsel.

In the meantime petitioner filed in the superior court a petition for a writ of error coram nobis as well as a so-called supplemental petition. Those petitions were heard by a justice of that court on October 23, November 6, and December 5 and 14, 1967. The petitioner presented the testimony of certain police officers. At those hearings he was also represented by an attorney from the public defender's office. After hearing arguments by petitioner, his counsel, and by counsel representing the state, the trial justice, upon reviewing and considering all the questions raised by petitioner and his counsel, made certain findings of fact with respect to such questions and on the basis of such findings denied both petitions. On December 18, 1967, petitioner filed a notice of intention to prosecute a bill of exceptions from the trial justice's decision. We are treating the instant proceeding, however, as a habeas proceeding.

In considering the issues presently raised by petitioner we have the benefit of the transcripts of (1) the trial proceedings and (2) the hearing on the petitions for a writ of error coram nobis. It appears therefrom that most, if not all, of the questions raised by petitioner in this proceeding were raised, considered and decided either during the trial on the merits or during the coram nobis proceedings. We

note at the outset that although we are not bound by the findings made by the trial justice in the coram nobis proceedings, they carry persuasive force with us if they are supported by the record. After examining the record in the context of the issues raised by petitioner, we find no merit in any of his contentions.

The petitioner first alleges that he was arrested on October 9, 1964, in connection with a robbery committed on the same date. At the time he was arrested he was driving a car belonging to a man later found to be tied up in the trunk. He was brought to the Smithfield police station where he claims he was interrogated constantly by the police. This interrogation, he maintains, resulted in his disclosure of the location of his automobile. As a direct result of this disclosure, petitioner claims that the police located his automobile, brought it to the station, searched it without obtaining a search warrant and found therein a glove and jacket which were subsequently introduced into evidence. Also introduced into evidence were pictures of these items and the car as well as testimony by an officer as to the manner in which the petitioner's automobile was located. The petitioner alleges that he had requested legal assistance from the moment of his arrest but that this request was denied. It is therefore his contention that information leading to evidence introduced against him was obtained by the police in violation of his constitutional rights as set forth in *Escobedo* v. *Illnois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed.2d 977, and *Miranda* v. *Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694.

The petitioner further contends that the search of his automobile with the resultant seizure of the glove and jacket was in itself improper as it was done without his voluntary consent, without a search warrant and without being incidental to his arrest. He therefore argues that the

evidence obtained from such search was inadmissible in a court of law.

It should be noted that petitioner makes these contentions in light of the fact that his counsel, at the trial of his case, failed to object to the admission of the jacket, pictures and the officer's testimony and objected to the introduction of the glove for reasons other than those urged by him on appeal. Indeed, petitioner contends that these actions by his counsel amounted to negligence and incompetence entitling him to the vacation of the twelve-year sentence imposed upon him. The petitioner also makes certain other allegations which we shall refer to, expressly or otherwise, later in this opinion.

Because there is substantial evidence in the record to the contrary, we cannot say that counsel was negligent or incompetent for failing to object to the admission of the glove, jacket, pictures and officer's testimony in evidence on the ground that they were products of information illegally obtained from petitioner. The record shows that a police officer testified under oath that petitioner's car was found through an extensive search conducted by the police department and not through information obtained from petitioner. The trial justice chose to believe the police officer, as is evidenced from his decision wherein he states:

> "* * * there is really not a showing before the Court that this material was not found by the officer, according to the testimony, after a search as instructed by superior officers. The weight of the evidence would indicate that the automobile was so found. * * *"

Since there is nothing in the record which would warrant our disturbing this finding by the trial justice, we conclude that petitioner's constitutional rights were not violated. We are also satisfied from the record that petitioner's counsel merely exercised his sound discretion in choosing not to object to the introduction of this evidence on the aforesaid ground.

Nor can we say that petitioner's counsel was negligent or incompetent for failing to object to the introduction of the glove, jacket or pictures into evidence on the ground that they were products of an improper search and seizure. Assuming without deciding that the search and seizure was illegal, we can only conclude that the introduction of these items into evidence resulted in harmless error to petitioner. In *Chapman* v. *California,* 386 U. S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed.2d 705, 710, the supreme court said:

> "* * * We, therefore, do no more than adhere to the meaning of our *Fahy* case when we hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. * * *"

In *Fahy* v. *Connecticut,* 375 U. S. 85, 86, 84 S. Ct. 229, 230, 11 L. Ed.2d 171, 173, the supreme court stated the test to be

> "* * * whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."

It is our opinion that the alleged constitutional error was harmless beyond a reasonable doubt and that there was no reasonable possibility that it might have contributed to petitioner's conviction.

As the trial justice so aptly stated in his decision:

> "* * * the defendant took the position at his trial, by his own testimony, that all these facts took place. He described his entry into the First National Store. He described the placing of the alleged victim, Mr. Lamonde, in the trunk. He described his apprehension by the Police with a considerable degree of candor. It was his defense, and upon this his entire case rested, that he and the alleged victim were co-conspirators; that all of this had been by arrangement. Now, this defense would indeed have been a defense to the crime of kidnapping. It might not have been to some of the other crimes with which he was charged, but certainly to the crime of kidnapping. This was the defense which the defendant elected. As a consequence, the introduc-

tion of certain items of evidence which might have tended to show that he was on the scene, such as a glove or jacket, become at this point immaterial. * * *" Compare *Bumper* v. *North Carolina,* 391 U. S. 543, 88 S. Ct. 1788, 20 L. Ed.2d 797. It therefore follows that counsel's failure to object to the introduction of these items into evidence because they were products of an illegal search was not a manifestation of negligence or incompetence on his part but rather an exercise of his sound discretion.

The petitioner also alleges that the complaint and warrant was defective because it misspelled the alleged victim's name and because it alleged that the offense occurred in Smithfield rather than Johnston, thereby violating G. L. 1956, §12-6-1. He furthermore contends that the attorney who represented him at the arraignment was negligent in failing to speak to him first and in failing to inspect the complaint and warrant. The only thing that happened on October 11, 1964, the day of arraignment, was the entry of a plea of not guilty by petitioner and the continuance of the matter to October 29, 1964 for hearing. In the meantime, on October 28, 1964, petitioner was indicted by the grand jury. In our opinion there is no merit in the instant contentions. In any event, even if we were to find validity in petitioner's contentions, those errors indicated by him to have occurred at the district court level are of no avail to him now. It has long been the practice in this state that a grand jury can indict independent from or in the absence of any previous examination in the district court. *State* v. *Robbins,* 42 R. I. 213, 106 Atl. 291. Since the grand jury returned an indictment against petitioner, the errors now alleged by him are of no consequence. He was properly before the superior court by virtue of the indictment.

The petitioner next contends that a capias issued on February 10, 1965 was illegal, thereby making everything following it null and void. The record indicates, however, that no such capias was issued to this indictment on Febru-

ary 10, 1965. It appears from the record that the only capias that was issued was after the return of the indictment, October 28, 1964. We agree with the trial justice's finding and conclusion:

> "* * * It would appear no capias was issued pursuant to this indictment on February 10, 1965. An examination of the entries would indicate that there was a capias issued immediately after the return of the indictment, October 28, 1964.
> "* * *
>
> "* * * The Court, in this respect, cannot under Indictment No. 33190, consider the effect of a capias that was issued pursuant to another indictment. It just cannot."

The petitioner, in addition to those allegations we have discussed, makes certain other contentions. He maintains that on October 14, 1964, he was illegally taken from the adult correctional institutions to the attorney general's office to agree to enter a nolo plea; that in the latter part of October 1964 he was indicted on five charges because he would not deal with the attorney general; that there was a discrepancy in the testimony of two police officers testifying at the trial; that he was put in double jeopardy when he was tried for kidnapping because of the existence of a pending indictment of assault with a dangerous weapon; that the trial justice erred when, in the absence of counsel, he refused to continue him on bail after his appeal to this court had been denied pending presentence report; that the victim Lamonde perjured himself at the trial of this case; that the trial justice failed to keep a promise made to petitioner that he would be released if he could produce one little bit of evidence that his car had been illegally seized; that the state suppressed evidence at the trial, namely, a police radio log, which would have indicated the time his car was picked up; that his attorney was negligent in not calling for the production of this police log; and that a list of items was

introduced at the trial which had no bearing on the charge itself and which therefore was mere evidence.

We have carefully considered all of the questions raised by the petitioner in his foregoing contentions as well as those not expressly referred to herein, but find them so lacking in merit as to require no further discussion.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, the records certified are ordered returned to the superior court, and the petitioner is remanded to the custody of the respondent in accordance with the superior court's order of commitment.

Motion for reargument denied.

*William A. Burke,* petitioner, pro se.

*Herbert F. DeSimone,* Attorney General, *Luc R. La-Brosse,* Special Assistant Attorney General, for respondent.