286 A.2d 588.

NICHOLAS A. PALMIGIANO *vs*. FRANCIS A. HOWARD, *Warden*.

JANUARY 27, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

KELLEHER, J. This is a petition for habeas corpus. The petitioner is incarcerated at the Adult Correctional Institutions because within the past two years, he has been convicted of committing three separate and unrelated felonies: murder, breaking and entering a building in the nighttime and offering a bribe to a member of the security force assigned to the Adult Correctional Institutions. He received a life sentence for the murder conviction, a ten-year sentence for the breaking and entering conviction and a one-year sentence for the attempted bribery conviction. The one-year sentence is to commence at the expiration of the other two sentences. The petitioner has filed a notice to prosecute a bill of exceptions in each of these three cases. The murder appeal[1] has been docketed in this court.

This petition challenges the Superior Court's jurisdiction to try the bribery indictment. It rests upon the contention that, since G. L. 1956 (1969 Reenactment) §11-7-5 states that any person who is found guilty of offering a bribe shall be deemed to have committed a misdemeanor, petitioner should have been tried in the District Court rather than the Superior Court. The potential punishment for

---

[1]The petitioner also stands convicted of robbery. The murder and robbery charges arose out of the same incident. Both charges were consolidated for trial in the Superior Court. The trial justice gave petitioner a deferred sentence on the robbery conviction. This conviction is before us on appeal and will be consolidated for hearing along with the murder conviction.

this offense, however, seemingly qualifies it as a felony under the provisions of §11-1-2.[2]

We recognize that in recent times the scope of the Great Writ has been expanded to consider the ever-evolving constitutional principles. *Mills* v. *Howard,* 109 R. I. 25, 280 A.2d 101 (1971); *Brady* v. *Langlois,* 104 R. I. 301, 243 A.2d 906 (1968). Here, however, we see no need at this time to consider the question posed by petitioner. Although in *Brady,* we recognized that habeas corpus may lie in a situation where release from confinement will not be possible because a petitioner will remain confined as the result of another outstanding sentence, it is clear that the bribery conviction in no way adversely affects the status of petitioner's present confinement. It is obvious that petitioner's pending life and ten-year sentences assure that he will remain at the Adult Correctional Institutions at least until those two appeals are heard and determined by this court. Despite the steady erosion of the common-law principles that formerly controlled the issuance of the writ, there is still validity to the proposition that habeas corpus is not to be used as a replacement for an appeal. *Adams* v. *United States,* 317 U. S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); *deMello* v. *Langlois,* 94 R. I. 497, 182 A.2d 116 (1962).

As noted before, the petitioner, at the time he filed this petition, was prosecuting his bill of exceptions in the bribery case. We think it is best if all the petitioner's contentions relative to the bribery trial be presented to us in one ball of wax. By the petitioner pressing his bill of exceptions, a piecemeal review can be avoided. In this way the petitioner will not be limited to his contention as to

---

[2]Section 11-1-2 provides that, unless otherwise provided, any offense which may be punished by imprisonment for more than a year or by a fine in excess of $500 shall be considered a felony. Section 11-7-5 sets the penalty for offering a bribe as imprisonment for not more than one year or a fine not in excess of $1,000.

the Superior Court's jurisdiction to try him but he can also bring before us all the other exceptions taken during the course of his trial. *Johnson* v. *Langlois,* 101 R. I. 178, 221 A.2d 466 (1966). Accordingly, the Superior Court is directed to set a new time wherein the petitioner can file his bill of exceptions and the transcript[3] relating to the bribery trial.

The petition for habeas corpus is denied and dismissed, and the writ heretofore issued is quashed.

*Nicholas A. Palmigiano,* petitioner, pro se.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.

---

[3]Inquiries made from our clerk's office to the Superior Court stenographer and the court-appointed counsel who was designated to assist the petitioner in the preparation of his appeal disclose that the transcript has been delivered to the petitioner. The breaking and entering transcript is still in the process of preparation.