295 A.2d 44.

STATE *vs.* NICHOLAS A. PALMIGIANO.

SEPTEMBER 26, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an indictment charging the defendant with attempted bribery in violation of the provisions of G. L. 1956 (1969 Reenactment) §11-7-4. The case was tried to a jury in the Superior Court, which returned a verdict of guilty. The defendant is now in this court prosecuting a bill of exceptions.[1]

It is alleged that on July 1, 1970, defendant offered compensation in the amount of $5,000 to a correctional officer at the Adult Correctional Institutions, where he was incarcerated, if the officer agreed to bring a package into the

---

[1] It should be noted parenthetically that the defendant failed to file his bill of exceptions on his conviction within the prescribed period. However, on July 6, 1971, the defendant filed in this court a motion to dismiss the conviction of bribery or, in the alternative, to dismiss the sentence. This court articulated the defendant's motion as a petition for habeas corpus. In *Palmigiano* v. *Howard*, 109 R. I. 417, 286 A.2d 588 (1972), we denied the habeas petition and directed the defendant to perfect his bill of exceptions. It is upon this bill of exceptions that we consider the issue presented here.

prison and deliver it to defendant without authorization. The officer reported the incident to his superior, and the instant prosecution resulted. The defendant was arraigned in the District Court in July of 1970. Subsequently, the grand jury returned an indictment on the charge of attempted bribery. At the commencement of his trial in the Superior Court, defendant moved to quash the indictment, alleging that §11-7-5 makes the offense with which he was charged a misdemeanor. Consequently, he argued, exclusive jurisdiction over the offense rested with the District Court under §12-3-1. He further contends that his indictment and trial in the Superior Court are void for want of jurisdiction.

It is clear from the pertinent statutes that neither the jurisdiction conferred on the District Court under §12-3-1 nor the jurisdiction conferred on the Superior Court under §§8-2-15 and 12-17-1 rests upon the misdemeanor–felony distinction. The jurisdiction of the District Court is limited to those crimes punishable by a fine not exceeding $500 and by imprisonment not exceeding one year. Section 8-2-15 provides that the Superior Court shall have original jurisdiction over all other crimes, offenses, and *misdemeanors* not within the jurisdiction of the District Court and requires that all indictments found by grand juries shall be returned into the Superior Court. While the Legislature has termed the offense of bribery under §11-7-5 a misdemeanor, it has imposed a penalty for that offense of imprisonment for a term not exceeding one year or a fine not exceeding $1,000. The potential fine of $1,000 which may be imposed under §11-7-5 clearly removes jurisdiction over this offense from the District Court and places it within the jurisdiction of the Superior Court. Therefore, it is clear that defendant was properly tried in the Superior Court.

We cannot perceive that defendant was prejudiced in

any manner by the action of the state in proceeding by way of indictment in this instance rather than by way of criminal complaint. The Rhode Island constitution, art. I, sec. 7, provides: "No person shall be held to answer for a capital or other infamous crime, unless on present-ment or indictment by a grand jury, except in cases of im-peachment, or of such offenses as are cognizable by a jus-tice of the peace * * *." Recently in *State* v. *Rezendes*, 105 R. I. 483, 490, 253 A.2d 233, 236 (1969), we concluded that an infamous crime, requiring an indictment, is "* * * any crime punishable by more than a year's imprisonment * * *." Many years ago in *State* v. *Nichols*, 27 R. I. 69, 83, 60 A. 763, 768 (1905), we held that the amount of a fine has no relevance in determining the infamous nature of a crime.

In view of the fact that bribery under §11-7-5 is punish-able by no more than a year's imprisonment, the state is not required by the constitution to indict for the offense. However, since the potential fine of $1,000 removes the offense from the jurisdiction of the District Court, the charge must be prosecuted in the Superior Court by in-dictment under §§12-21-1 and 12-21-4. The right to in-dictment by a grand jury has always been regarded as "* * * a substantial safeguard against oppressive and ar-bitrary proceedings." *Smith* v. *United States*, 360 U. S. 1, 9, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041, 1048 (1959). While both the state and federal constitutions require an indict-ment by a grand jury before prosecution for any infamous crime neither provision in any way precludes the state or federal government from affording the protection of a grand jury indictment when the accused is charged with a lesser offense. Federal Rule of Criminal Procedure 7(a), which we must assume complies with the grand jury pro-vision of the federal constitution and the provision of our own constitution which is substantially the same, provides

that any crime which is less than "infamous" may be prosecuted by an indictment or by information at the discretion of the prosecutor. Similarly, our own Super. R. Crim. P. 7(a), recently approved by this court and effective September 1, 1972, provides that "[a]n offense which may be punished by imprisonment for a term exceeding one year *or by a fine exceeding five hundred dollars* shall be prosecuted by indictment * * *." (emphasis ours)

It would be unreasonable to hold that the defendant, who was extended greater protection than was required by either the state or federal constitutions, was prejudiced in any way by the state's action in this case.

The defendant's exception to the denial by the trial court of his motion to dismiss the indictment for lack of jurisdiction is overruled; all of the other exceptions of the defendant, having been neither briefed nor argued, are overruled pro forma, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Nicholas A. Palmigiano,* defendant, pro se.