STATE

v.

**Milton A. YOUNG.**

No. 78–86–C.A.

Supreme Court of Rhode Island.

April 23, 1980.

Dennis J. Roberts II, Atty. Gen., Faith A. La Salle, Sp. Asst. Atty. Gen., for plaintiff.

Corcoran, Peckham & Hayes, Kathleen Managhan, Joseph T. Houlihan, Newport, for defendant.

OPINION

DORIS, Justice.

This is an appeal by the defendant, Milton A. Young (Young), from a conviction by a Superior Court jury of the simple assault of Robert Shelton, a violation of G.L.1956 (1969 Reenactment) § 11–5–3.

On December 24, 1976, complaints were filed in District Court charging Young with the following:

1. raping Barbara Bauman,
2. committing or attempting to commit a crime of violence when armed with or having available a firearm,
3. breaking and entering in the nighttime the dwelling house of Barbara Bauman,
4. committing an assault and battery upon Robert Shelton, and
5. committing an assault and battery upon Barbara Bauman.

On this same date, defendant signed a waiver of right to jury trial in the Superior Court on the assault charges. Subsequently, these complaints were submitted to a grand jury and the proceedings in the District Court were dismissed.

On March 29, 1977, a grand jury returned an indictment against defendant including all the charges listed in the complaints (the assault and battery charge on Barbara Bauman was merged with the rape charge) and one additional charge—committing an abominable and detestable crime against

nature upon Barbara Bauman. On April 4, 1977, defendant was arraigned on these charges.

During October 1977, defendant was tried and a Superior Court jury found him guilty of the assault of Robert Shelton and not guilty of all the other charges involving Barbara Bauman.

On November 8, 1977, defendant filed with the Superior Court a motion in arrest of judgment and a motion for a new trial. On December 14, 1977, these motions were denied. On February 3, 1978, Young was given a suspended sentence of one year at the Adult Correctional Institutions (ACI). On February 14, 1978, defendant filed an appeal from the denial of his motion in arrest of judgment with this court.

The defendant raises three issues on appeal. All of the issues deal with the fact that the misdemeanor charge regarding the assault of Robert Shelton was joined with the other felony charges involving Barbara Bauman and was tried in Superior Court. First, Young argues that the misdemeanor assault charge was not sufficiently related to the felony charges to permit joinder under Super.R.Crim.P. 8(a). Second, Young contends that the Superior Court did not have jurisdiction over the misdemeanor assault charge joined with the other felony charges pursuant to Super.R.Crim.P. 8(a). Third, defendant states that his waiver of a jury trial in District Court of the misdemeanor assault charge prevented the transfer of this charge from the District to the Superior Court.

In regard to all three issues, the docket sheet fails to indicate that defendant moved for severance of the misdemeanor assault charge from the felony charges at the time of trial. Although it is not possible to confirm this fact by examining the trial transcript, as the only transcript submitted with this case deals with the hearing on the motion in arrest of judgment, it appears Young only sought to raise these three contentions after he was acquitted on the other charges. As this court noted: "It is a fa-

miliar principle that only those issues raised at trial will be considered by this court on appeal. *State v. Turley*, 113 R.I. 104, 318 A.2d 455 (1974); *State v. Quatrocchi*, 103 R.I. 115, 235 A.2d 99 (1967)." *State v. Cline*, R.I., 405 A.2d 1192, 1209 (1979).

In the instant case, however, even if the trial justice's ruling had been sought and obtained on this issue, defendant's appeal would not be fruitful.

In reference to the first issue, that is, that the misdemeanor assault charge was not sufficiently related to the felony charges to be joined under Super.R.Crim.P. 8(a), it is first necessary to delineate the standard against which this issue will be reviewed. "In respect to the decision of the trial justice to exercise his discretion in favor of joinder, we have repeatedly held that the exercise of such discretion will not be disturbed on review absent a clear abuse. *State v. Johnson*, 116 R.I. 449, 358 A.2d 370 (1976); *State v. Mattatall*, 114 R.I. 568, 337 A.2d 229 (1975); *State v. Patriarca*, 112 R.I. 14, 308 A.2d 300 (1973)." *State v. Cline*, 405 A.2d at 1210.

█ In the case at bar, a review of the record clearly reveals that there was no abuse of discretion. Super.R.Crim.P. 8(a) provides in pertinent part that "[t]wo (2) or more offenses may be charged in the same indictment * * * if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction." [1] The trial justice determined that *both* of these conditions for joinder were applicable in this case. He found the following:

"It might be noted that originally, in addition to the other offenses, the defendant was charged with assault and battery on Barbara Bauman * * *. So, the Court finds that they [the assault on Robert Shelton and rape of Barbara Bauman] are of the same or similar character. [A]nd this all took place at the same time, same house, and they are of

1. The common law rule for joinder of counts and defendants appear to be in accord; *see*

*State v. Fitzsimon*, 18 R.I. 236, 27 A. 446 (1893).

the same or similar character and based on the same act or transaction; so that I feel that Rule 8 covers that situation." Since an element of rape is assault (*see State v. Pearson*, 49 R.I. 386, 391, 143 A. 413, 415 (1928)) and it was determined that the alleged rape of Barbara Bauman and the assault of Robert Shelton occurred at the same time and in the same location, this court assuredly finds the trial justice's decision to join the assault and rape charges pursuant to Super.R.Crim.P. 8(a) reasonable.

In respect to the second issue, that is, that the Superior Court did not have jurisdiction over the misdemeanor assault charge joined with the other felony charges, two statutes clearly invalidate this contention. First, G.L.1956 (1969 Reenactment) § 8–3–6 provides as follows:

"Conservators of peace—Powers in criminal cases.—The justices of the supreme and superior courts shall, by virtue of their office, be severally conservators of the peace throughout the state, and shall severally have the same power in criminal cases throughout the state that district courts have in their respective districts."

Second, Super.R.Crim.P. 8(a) provides that "[t]wo (2) or more offenses may be charged in the same indictment  *   *   *  whether felonies or misdemeanors  *   *   *." In order to provide meaning to this rule and ensure the effective administration of justice, this rule must confer jurisdiction on the Superior Court of misdemeanors properly joined with felony charges. This jurisdiction is substantiated by the case of *Brady v. Langlois*, 104 R.I. 301, 243 A.2d 906 (1968) in which the court found that "[t]he offense of *assault* [a misdemeanor] and *robbery* [a felony] with which petitioner was charged on July 12, 1966, is an indictable offense over which the grand jury had jurisdiction when it returned indictment No. 34660 on September 19, 1966." (Emphasis added) *Id.* at 308–09, 243 A.2d at 910.

The joinder rule acts as a safeguard against harassment of defendants and unfair prosecutorial advantage. *People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974); *see also Kellett v. Superior Court*, 63 Cal.2d 822, 409 P.2d 206, 48 Cal.Rptr. 366 (1966). Additional concerns of public policy, such as the avoidance of costly and repetitive trials as well as the notions of due process, demand that this rule be construed so as to effectuate its discernible objectives.

The third issue raised by defendant is that his waiver of a jury trial in District Court on the misdemeanor assault charge prevented the transfer of this charge from the District to the Superior Court. There is no substance to this contention. First, it was in fact this court which in *State v. Holliday*, 109 R.I. 93, 280 A.2d 333 (1971), granted the defendants, arraigned in District Court and charged with a misdemeanor that could result in a sentence of more than six months, the right to elect or waive a jury trial. The reason for this holding was not, as Young is suggesting, to place control as to where the charge is tried in the hands of a defendant, but rather to ensure a defendant the opportunity to have his guilt or innocence determined by a jury.

Second, it is well settled that a grand jury has the authority to indict independently from or in the absence of any previous preliminary proceedings in the District Court. *Burke v. Langlois*, 104 R.I. 391, 397, 244 A.2d 593, 597 (1968). Thus, the defendant's waiver of a jury trial in District Court has no effect on either the grand jury's authority to return an indictment or on the transfer of a misdemeanor charge from the District to the Superior Court.

The defendant's appeal is denied and dismissed, the judgment of conviction appealed from is sustained, and the case is remanded to Superior Court for further proceedings.