**STATE**

v.

**Milton J. RIDE.**

**No. 81–245–C.A.**

Supreme Court of Rhode Island.

April 27, 1982.

Dennis J. Roberts, II, Atty. Gen., Alan R. Tate, Asst. Atty. Gen., for plaintiff.

John F. McBurney, Pawtucket, for defendant.

OPINION

PER CURIAM.

This is an appeal by the defendant, Milton J. Ride, from convictions by a Superior Court jury of possession of lottery slips in violation of G.L.1956 (1969 Reenactment) § 11–19–5, as amended by P.L.1975, ch. 41, § 1, and bookmaking in violation of G.L. 1956 (1969 Reenactment) § 11–19–14.

On November 15, 1978, a criminal information was filed in Superior Court charging defendant with the offenses mentioned above, both of which are misdemeanors, and with keeping a gambling place in violation of G.L.1956 (1969 Reenactment) § 11–19–18, a felony. A review of the record of the proceedings reveals that defendant did not move for severance of the misdemeanor charges from the felony charge before or during the trial, which commenced on September 23, 1980.

At the conclusion of the state's case, defendant presented a motion for a judgment of acquittal on the felony charge, which motion was granted. The defendant also moved for a judgment of acquittal on the remaining misdemeanor charges on the ground that, once the felony count was removed from the jury's consideration, the Superior Court no longer had jurisdiction over the misdemeanor charges. The denial of the latter motion forms the sole basis of the present appeal.[1] We affirm.

1. At oral argument defendant maintained that there was no factual basis to support the felony

charge and that the state had included the

Rule 8(a) of the Superior Court Rules of Criminal Procedure provides that "[t]wo (2) or more offenses may be charged in the same indictment * * * whether felonies or misdemeanors * * *." [2] In *State v. Young*, R.I., 414 A.2d 185, 187 (1980), we interpreted this rule to mean that the Superior Court has jurisdiction over misdemeanors that are properly joined with felony charges.[3] In that case, we held that the Superior Court retains jurisdiction to convict of, and sentence for, the misdemeanor even if the jury returns a not-guilty verdict on the felony charges. *Id.*

The defendant now argues that the Superior Court has jurisdiction over a misdemeanor charge that is properly joined with a felony charge only if the question of the defendant's guilt or innocence of the felony reaches the jury. We see no reason, however, why the mere fact that a defendant is found not guilty of the felony on an acquittal motion rather than by a jury compels a result different from that reached in *Young*. Implicit in *Young* is the principle that jurisdiction over a case does not depend upon its outcome. Accordingly, once the Superior Court acquires jurisdiction over a misdemeanor charge by way of proper joinder under Rule 8(a), it retains that jurisdiction until the matter is adjudicated.[4]

It is apparent that the defendant desired to have had these proceedings instituted in the District Court so that he could have attempted twice to obtain a not-guilty verdict. Our concern here, however, is not to ensure that a defendant has control over where the case is tried but rather to ensure that a defendant has the opportunity to have his guilt or innocence determined by a jury. *State v. Young, supra.* This defendant has had such an opportunity.

The defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

---

felony charge as a device to bring the case into the Superior Court. The defendant failed to raise this argument below, however, nor has he made any showing of bad faith on the part of the state in bringing the felony charge. We therefore decline to consider this contention.

2. This rule acts as a safeguard against harassment of defendants and unfair prosecutorial advantage. *State v. Young*, R.I., 414 A.2d 185, 187 (1980).

3. The court in *Young* also mentioned G.L.1956 (1969 Reenactment) § 8–3–6 as supporting its holding. That statute provides:

"Conservators of peace—Powers in criminal cases.—The justices of the supreme and superior courts shall, by virtue of their office, be severally conservators of the peace throughout the state, and shall severally have the same power in criminal cases throughout the state that district courts have in their respective districts."

4. Although defendant does not raise the issue on appeal, we note that the offenses involved here were properly joined because they are clearly of a similar nature. Super.R.Crim.P. 8(a); *see State v. Young*, 414 A.2d at 186–87.